649 A.2d 740

**Charles W. BIRDSALL and Joan D. Birdsall**

v.

**CARBON COUNTY BOARD OF ASSESSMENT & REVISION OF TAXES and Mahoning Township and Lehighton Area School District.**

**Appeal of Leighton Area School District, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Sept. 23, 1994.

Decided Nov. 3, 1994.

Michael S. Greek, for appellant.

Joseph J. Matika, for appellees.

Before DOYLE and FRIEDMAN, JJ., and KELTON, Senior Judge.

FRIEDMAN, Judge.

The Lehighton Area School District (School District) appeals from an order of the Court of Common Pleas of Carbon County (trial court) sustaining the 1992 tax assessment appeal

of Charles W. and Joan Birdsall (Birdsalls).[1] The trial court's order struck the $177,205.00 assessment imposed on the Birdsalls' condominium property by the Carbon County Board of Assessment & Revision of Taxes (Board) and fixed the assessed value of the property at $71,610.00 to reflect the expert testimony presented by the Birdsalls.

The Birdsalls, owners of condominium property located in Mahoning Township (Township), appealed to the trial court seeking to reduce the 1992 tax assessment which the Board had imposed against their property. The Township and School District (collectively, Intervenors) intervened on the side of the Board and participated throughout the proceedings.

The trial court originally scheduled the hearing on the Birdsalls' appeal for May 24, 1993. On that date, prior to beginning the proceeding, the Board presented a Motion in Limine to the trial court seeking to exclude any testimony from the Birdsalls' expert witness appraising the subject property based on its use as a rental apartment complex as opposed to condominiums. (R.R. at 29a–32a.) Counsel for the Birdsalls argued for dismissal of the Board's motion; however, the trial court continued the hearing in order to fully consider the matter raised in the Motion in Limine. Subsequently, the Birdsalls arranged to have their expert reappraise the property to conform to condominium requirements, (R.R. at 58a–59a, 95a), and, on August 18, 1993, a copy of the revised appraisal was received by each of the parties. (R.R. at 133a–35a.) The rescheduled hearing on the Birdsalls' tax assessment appeal took place on August 30, 1993.

Before analyzing the reasoning of the trial court in sustaining the Birdsalls' appeal, we first restate the by now familiar order of proof in tax assessment cases. Our Supreme Court described the procedure in *Deitch Co. v. Board of Property Assessment,* 417 Pa. 213, 209 A.2d 397 (1965), as follows:

1. We note that Mahoning Township has filed a brief in support of the School District's position.

The proceedings in the trial court are de novo and the proper order of proof in cases such as the present one has long been established. The procedure requires that the taxing authority first present its assessment record into evidence. Such presentation makes out a prima facie case for the validity of the assessment in the sense that it fixes the time when the burden of coming forward with evidence shifts to the taxpayer. If the taxpayer fails to respond with credible, relevant evidence, then the taxing body prevails. But once the taxpayer produces sufficient proof to overcome its initially allotted status, the prima facie significance of the Board's assessment figure has served its procedural purpose, and its value as an evidentiary devise is ended.... [Citations omitted.]

Of course, the taxpayer still carries the burden of persuading the court of the merits of his appeal, but that burden is not increased by the presence of the assessment record in evidence.

Of course, the taxing authority always has the right to rebut the owner's evidence and in such a case the weight to be given to all the evidence is always for the court to determine. The taxing authority cannot, however, rely solely on its assessment record in the face of countervailing evidence unless it is willing to run the risk of having the owner's proof believed by the court. Where the taxpayer's testimony is relevant, credible and unrebutted, it must be given due weight and cannot be ignored by the court. It must necessarily be accepted. [Citations omitted.]

*Id.* at 221–22, 209 A.2d at 402.

Here, at the August 30, 1993 rescheduled hearing, the Chief Assessor for Carbon County, David R. Ratajczak, established a prima facie case for the validity of the Board's assessment by presenting the assessment record into evidence, indicating an assessed property valuation of $177,205.00.[2] The burden

2. Actually, Mr. Ratajczak testified that the total assessed valuation for all condominium units was $151,933.00 which, multiplied by a common-level ratio factor of 11.91, established a fair market value of approximately $1.8 million for the units. In addition, Mr. Ratajczak

then shifted to the Birdsalls, who presented extensive testimony from Christie M. Davies, a state licensed real estate appraiser.  Ms. Davies testified that, in her opinion, the assessed value for the Birdsalls' property was actually $71,-610.00.[3]  The trial court then offered the Board and Intervenors an opportunity to rebut Davies' expert testimony.  Both the Board and the Township responded that they had no rebuttal evidence to present, (R.R. at 131a, 132a); however, when asked whether it had any rebuttal, the School District replied:

> Your Honor, the appraisal by Ms. Davies was not supplied to us till about two weeks prior to the hearing.  The appraiser retained by the School District has not had an opportunity to review it or comment.  We would ask that a continued hearing be scheduled 30 to 60 days from today to give them an adequate opportunity to review.

(R.R. at 132a.)  The School District's request for a continuance was joined by the Board and the Township but was opposed by the Birdsalls.  After consideration, the trial court denied the School District's request.  Then, in its opinion, the trial court credited Ms. Davies' testimony and, because it was not rebutted, accepted that testimony as conclusive.  Accordingly, the trial court entered an order decreeing the assessed

stated that the property's common areas were assessed separately at $28,076.00, reflecting a fair market value of $334,000.00.  Thus, the property had a total fair market value of approximately $2.1 million and an assessed value of $180,009.00.  (R.R. at 42a–44a.)  We note, however, that these amounts differ slightly from those recited in the trial court opinion.  According to that opinion, the condominium units had an assessed valuation of $149,129.00 and the separate portion of the real estate was assessed at $28,076.00, for a combined assessment of $177,205.00.  The trial court then applied a common level ratio of 7.7, reflecting a fair market value for assessment purposes of $2,301,-363.00 for the subject property.  (R.R. at 4a–5a; Trial court op. at 2–3.) This inconsistency does not affect the disposition of this case.

3.  Ms. Davies based this amount on her estimated fair market value for the property of under $1 million.  Ms. Davies testified that she derived a value of $875,000.00 for the condominium units and a value of $55,000.00 for the 5.68 acres of "withdrawable and convertible excess land," for a combined valuation of $930,000.00.  (R.R. at 80a.)  Ms. Davies then explained in detail how she arrived at these figures by utilizing both an income and a field comparison or market approach. (R.R. at 81a–93a.)

value of the Birdsalls' condominium property to be $71,610.00. The School District filed a Petition for Reconsideration which the trial court denied. In a supplemental opinion, the trial court supported its denial of the School District's original request for a continuance and its denial of the School District's Petition for Reconsideration.

On appeal to this court,[4] the School District does not contend that the Birdsalls, through their expert witness, presented testimony that was insufficient in the first instance to overcome the Board's prima facie case. In fact, the School District agrees that if the Board and Intervenors had simply rested on the assessment record to support their position, the trial court's determination would have been correct. However, the School District argues that because a taxing authority *always* has the right to rebut the property owner's evidence, the trial court here erred or abused its discretion by denying the School District's request for a continuance to allow presentation of expert rebuttal testimony; instead, basing its valuation of the property in question entirely upon the Birdsalls' expert evidence.

At its core, the School District's argument is simply that through no fault of its own, it did not anticipate the need to rebut the Birdsalls' appraisal evidence with expert testimony. The School District reasons that at the first hearing on May 24, 1993, the Birdsalls indicated that they intended to offer evidence of the appraised value of the property *as a rental apartment complex;* evidence that would not have required presentation of expert rebuttal testimony but would have necessitated only a showing that the property was used for condominiums. Although the need for rebuttal evidence became apparent after the Birdsalls arranged for a revised appraisal setting forth the value of the property *as condominiums,* the School District maintains that because of the unex-

4. Our scope of review in a tax assessment appeal is limited; the findings of the court below must be given great force and will not be disturbed unless clear error appears or there is an abuse of discretion or lack of supporting evidence. *Appeal of Chartiers Valley School District,* 67 Pa.Commonwealth Ct. 121, 447 A.2d 317 (1982), *appeal dismissed,* 500 Pa. 341, 456 A.2d 986 (1983).

pected and untimely receipt of this new information, it was unable to prepare a proper rebuttal in time for the August 30, 1993 hearing.[5] Accordingly, the School District asserts that a just and proper determination of the action required a continuance, and in failing to grant one, the trial court erred and abused its discretion by depriving the School District of the opportunity and right to meet its required burden of proof. We must disagree.

The grant or refusal of a request for a continuance is within the discretion of the trial court and only where such discretion has been abused will the refusal of a continuance be reversed. *Phoenix Mutual Life Insurance Co. v. Radcliffe on the Delaware, Inc.*, 439 Pa. 159, 266 A.2d 698 (1970). Four factors are used to determine whether a continuance was properly denied: (1) whether the delay prejudiced the opposing party; (2) whether opposing counsel was willing to continue the case; (3) the length of the delay requested; and (4) the complexities involved in presenting the case. *Snyder v. Port Authority of Allegheny County*, 259 Pa.Superior Ct. 448, 393 A.2d 911 (1978). The School District contends that, based on these factors, the trial court should have granted the request for a continuance.

The School District claims that while it would be prevented from presenting evidence required to meet its burden of proof, the Birdsalls, having already paid their 1992–93 taxes, would not be unduly prejudiced by any delay. Further, the School District contends that the delay would not be significant because the School District already had an appraiser engaged at the time of the continuance request. Finally, the School District asserts that the complexities involved in presenting this case warranted the grant of a continuance, particularly in light of the great disparity between the Board's appraisal and that provided by the Birdsalls' expert.

Beyond these four factors, the School District also repeats its assertion that, through no fault of its own, it was taken by

5. Apparently, the School District's expert witness was on vacation and, thus, unavailable at the time the revised appraisal was received. (R.R. at 135a.)

surprise by the revised appraisal and, therefore should have been afforded an opportunity to prepare to meet the new and unanticipated situation. Additionally, the School District maintains that the trial court should have granted the continuance on the grounds of absence of a material witness because, here, the expected testimony of the School District's expert rebuttal witness would not have been cumulative or merely impeaching but would have provided competent, material evidence necessary for the taxing authority to meet its burden of proof. *Barner v. Juniata County Tax Claim Bureau,* 104 Pa.Commonwealth Ct. 468, 522 A.2d 169 (1987), *appeal denied,* 515 Pa. 624, 531 A.2d 432 (1987).

Assuming, without conceding,[6] the merit of all the School District's arguments, we note that while they may provide the School District with grounds for a continuance, these arguments cannot be used as support for the grant of the School District's request for a continuance where that request was untimely. That is the case here.

The School District makes much of the fact that the Birdsalls' revised appraisal came as a complete surprise, providing no opportunity for the School District to review or rebut that evidence.[7] However, the School District became aware of its

**6.** In this regard, we note that the trial court did not accept the School District's arguments. In fact, the trial court reviewed the four factors set forth in *Snyder* and concluded that the dispute between the parties was not in any sense complex; that the Board and Intervenors had months in which to conduct an independent investigation and offered no extenuating circumstances which prevented them from presenting rebuttal testimony at trial. Moreover, the trial court determined that while the School District made no showing of prejudice, the Birdsalls would be prejudiced by having to delay the case because of the unpreparedness of their opponents. Finally, the trial court noted that the School District did not indicate that a continuance would actually produce rebuttal evidence; rather, the School District requested a continuance to permit its expert to "review" the Birdsalls' appraisal for "comment." (R.R. at 132a.)

**7.** In light of the Board's Motion in Limine seeking to limit appraisal testimony to that based on the property's use as a condominium complex, neither the Board nor Intervenors can claim prejudice or surprise when the Birdsalls revised their appraisal to comply with this proposed limitation. Indeed, they could have anticipated and prepared for this eventuality.

need for rebuttal evidence as soon as it received the new appraisal on August 18, 1993, almost two weeks prior to the August 30, 1993 hearing. If the School District felt prejudiced by its insufficient notice of the Birdsalls' revised appraisal, particularly where its appraiser was temporarily unavailable, the School District could have requested a continuance when it first learned of the revised appraisal or at any time prior to the hearing. Instead, the School District waited until August 30, the date of the hearing itself, to make its request and, even then, requested the continuance only after the Birdsalls had presented their entire case.[8] Given the untimely nature of the School District's request for a continuance, we cannot say that the trial court abused its discretion by denying that request and deciding the case on the evidence before it. *See* Pa.R.C.P. No. 216(c); 7 Standard Pennsylvania Practice 2d § 38:50 (1982 & Supp.1994); *Feingold v. Southeastern Pennsylvania Transportation Authority*, 339 Pa.Superior Ct. 15, 488 A.2d 284 (1985), *aff'd*, 512 Pa. 567, 517 A.2d 1270 (1986).

Accordingly, because the Birdsalls came forward with sufficient credible proof to overcome the Board's prima facie case, and neither the Board nor the Intervenors offered rebuttal evidence, the trial court had no alternative but to sustain the Birdsalls' appeal, and we affirm its order doing so.

### ORDER

AND NOW, this 3rd day of November, 1994, the order of the Court of Common Pleas of Carbon County, dated November 16, 1993, is hereby affirmed.

---

**8.** We note that upon questioning by the court during argument, counsel for the Birdsalls indicated that the practice in the Court of Common Pleas of Carbon County is to permit a motion for a continuance to be presented, and thus considered timely, even on the day of the actual hearing as long as the request is made before the start of the proceedings.