**Mary E. GEIGER, M.D. and Geiger Associates, Appellees,**

v.

**John ROUSE and Dolores Rouse, Appellants.**

Superior Court of Pennsylvania.

Submitted March 3, 1998.

Filed July 8, 1998

Donald J. Weiss, Media, for appellants.

James C. Stroud, Philadelphia, for appellees.

Before EAKIN, STEVENS and HOFFMAN*, JJ.

STEVENS, Judge:

Appellants appeal from the judgment entered in the Court of Common Pleas of Montgomery County following the denial of their petition for transfer and consolidation, motion for continuance, and post-trial motions. We affirm.

Appellants, John and Dolores Rouse, are the parents of Christine Rouse, a young adult who has cerebral palsy. Christine had, at different times in her life, become severely depressed over the difficulties presented by her condition, and she received the psychiatric services of Appellee Mary Geiger, M.D., as a result. This case arose from Dr. Geiger's treatment of Christine who was a patient in Bryn Mawr Hospital from March 15, 1994 until May, 1994. Christine was a college student and over eighteen years old at the time.

After Christine's treatment, Bryn Mawr Hospital and Dr. Geiger billed Appellants for services rendered. The bill went unpaid, and several suits followed, including a suit in Delaware County by the hospital against Appellants and Christine, and another by Christine against Dr. Geiger and the hospital, which was transferred from Montgomery County and consolidated with the hospital's suit. The final suit involved Appellees, Dr. Geiger and Geiger Associates, suing Appellants in Montgomery County, and it is the subject of this appeal.

Appellees first sued Appellants in District Court, where a hearing held on October 5, 1994, resulted in a verdict for Appellants. Appellees filed a Notice of Appeal to the

* Judge Hoffman did not participate in this decision.

Montgomery County Court of Common Pleas on November 18, 1994, and the case was ordered to arbitration, where, on August 22, 1995, Appellees won a verdict in the amount of $6,700.00. On September 13, 1995, Appellants appealed the arbitrator's award and requested a jury trial. On November 13, 1996, the parties were notified that the case was placed on the Montgomery County Court of Common Pleas' civil trial list and was scheduled to proceed to trial during the week of December 9.

On December 4, 1996, Appellants filed a Motion to Transfer the case to consolidate it with the two related cases pending in Delaware County but that motion was denied at a pretrial conference held on December 13, 1996. The trial began on December 16, 1996, where Appellants, through their counsel, requested a continuance because both Mr. and Mrs. Rouse claimed to be unable to attend the trial. The lower court denied the motion and presided over the bench trial, which resulted in a verdict for Appellees. Appellants filed post-trial motions contesting the lower court's denial of Appellants' motions to consolidate and to continue the trial, respectively, and also charged the lower court with error in not dismissing the suit against them. Following the entry of judgment in favor of Appellees, this timely appeal followed.

Appellants contend that the lower court erred by not consolidating or coordinating the present case with the two related cases pending before the Delaware County Court of Common Pleas. Because the cases arose from the same operative facts, Appellants argue, consolidation was warranted. Appellees contend, however, that the other cases pending in Delaware County involve different parties and different theories of recovery, and that, therefore, no abuse of discretion occurred with the lower court's denial of consolidation.

The Rule of Civil Procedure governing consolidation or coordination of actions in different counties provides, in pertinent part, as follows:

(a) In actions pending in different counties which involve a common question of law or fact or which arise from the same transaction or occurrence, any party, with notice to all other parties, may file a motion requesting the court in which a complaint was first filed to order coordination of the actions. Any party may file an answer to the motion and the court may hold a hearing. . . .

(c) In determining whether to order coordination and which location is appropriate for the coordinated proceedings, the court shall consider, among other matters:

(1) whether the common question of fact or law is predominating and significant to the litigation;

(2) the convenience of the parties, witnesses and counsel;

(3) whether coordination will result in unreasonable delay or expense to a party or otherwise prejudice a party in an action which would be subject to coordination;

(4) the efficient utilization of judicial facilities and personnel and the just and efficient conduct for the actions;

(5) the disadvantages of duplicative and inconsistent rulings, orders or judgments;

(6) the likelihood of settlement of the actions without further litigation should coordination be denied.

Pa.R.C.P. 213.1.

■ The decision to transfer a case to coordinate it with a related case proceeding simultaneously in another county lies within the sound discretion of the lower court, and only an abuse thereof constitutes reversible error. *Fox v. Pennsylvania Power and Light Co.*, 315 Pa.Super. 79, 461 A.2d 805, 806 (1983). Whether we would have reached the same conclusion is immaterial. *See Trumbauer v. Godshall*, 455 Pa.Super. 40, 686 A.2d 1335, 1337 (1996). In exercising its discretion, the lower court should receive guidance not only from the enumerated criteria listed above, but also from the explanatory comment to Rule 213.1(c), which explains that the ultimate determination that the court must make is whether coordination is "a fair and efficient method of adjudicating

the controversy." Rule 213.1 Explanatory Comment—1990.

■ The lower court relied on several of the enumerated considerations in denying Appellants' petition for consolidation. It is clear that considerations of fairness, efficiency, and the inconvenience that further delay would have on the parties moved the lower court to deny Appellants' motion for transfer and consolidation. The record reveals a protracted procedural history before Appellants made their "eleventh hour" motion to consolidate. Convinced that Appellants employed yet another delaying tactic meant to "fend off an obligation to pay a just debt," Lower Court Opinion dated 9/3/97 p. 2, the lower court found Appellants' motion unworthy of the equitable and efficient interests sought to be advanced by Rule 213.1. Given the fact that Appellants allowed nearly fifteen months to pass—from their appeal of the arbitration award against them to one week before trial—until they requested consolidation, we cannot find that the lower court abused its discretion in so ruling.

■ We likewise find no abuse of discretion with regard to the lower court's denial of Appellants' motion for continuance. It is undisputed that Appellants waited until the first day of trial, December 16, 1996, to move for a continuance despite having received notice of the trial date approximately one month earlier. Even were we to assume that the merits of Appellants' arguments warranted continuance, we find that Appellants' motion was fatally belated.

■ The general rule regarding the timeliness of an application for a continuance states that no application for a continuance will be granted if it is based on a cause existing and known at the time of publication or prior call of the trial list, unless such application is presented to the court at a time fixed by the court, which must be at least one week before the first day of the trial period. Pa.R.C.P. 216(C). While certain exceptions exist to the general rule, whereby the court may in its sound discretion grant a request for a continuance due to the absence of a party or witness, the court may still demand a showing of diligence on the part of the movant before so granting. *See Coda v. Coda*, 446 Pa.Super. 296, 666 A.2d 741 (1995) (holding that, among other things, movant must exercise due diligence before requesting continuance); *Birdsall v. Carbon County Board of Assessment*, 168 Pa.Cmwlth. 266, 649 A.2d 740 (1994) (*citing Feingold v. Southeastern Pennsylvania Transportation Authority*, 339 Pa.Super. 15, 488 A.2d 284 (1985)) (school district's request for a continuance on the first day of trial was untimely where it was aware for two weeks before trial of the need to so request).[1]

Appellants argue that a continuance was necessary since neither could attend trial on the scheduled date. On the first day of trial, Appellants, through their counsel, requested a continuance on the grounds that Mr. Rouse was at a business meeting and that Mrs. Rouse had to assist Christine with final examinations at Saint Joseph's University in Philadelphia. Perhaps these explanations, particularly Mrs. Rouse's, could possibly have merited a continuance, but we cannot ascribe error to the lower court for insisting that Appellants should have made their request at the time they received notice of trial.

It may reasonably be assumed that when Appellants first received notice of trial they were aware of their daughter's final examination schedule and of her need for assistance. Moreover, the circumstances surrounding Mr. Rouse's business trip were never offered. Given the factual and procedural history of this particular case, it was incumbent on Appellants to promptly request a continuance. Therefore, we cannot say that the trial court abused its discretion by denying Appellants' belated request.

Next, Appellants argue that the lower court committed prejudicial error in entering judgment against Appellants. The crux of Appellants' contention is that they never agreed to pay for Christine's medical bills and, since Christine is an adult, they are not obligated under the law to pay those bills.

1. While we understand that we are not bound to follow the decisions of the Pennsylvania Commonwealth Court, we find the rationale of *Birdsall* applicable to the matter *sub judice*.

In holding Appellants liable for their daughter's medical bills, the lower court opined that Appellants had agreed to pay since they had always enlisted Appellees' services and invariably paid the bills for their "adult but dependent daughter, who by reason of her affliction is unable to support herself." Lower Court Opinion dated 9/3/97 p. 5. Evidence at trial supported that conclusion, as Dr. Geiger's office manager testified that Appellants paid for all of Christine's previous treatments, stated that they would pay for the treatments in question, and directed that their medical insurance carrier be billed. N.T. 12/16/96 pp. 12–17. Moreover, the court cited 23 Pa.C.S.A. § 4321 and a decision of this Court as support for its rationale that, despite the general rule that relieves parents of the duty to support their children who have reached eighteen years of age, dependent adult children remain their parents' responsibility:

> [T]he courts in this state have long recognized an exception to this rule, and an exception is supported by statute 23 Pa. C.S.A. § 4321(3). There is a duty on parents to support a child that has a physical or mental condition, which exists at the time the child reaches its majority, that prevents the child from being self supporting. Such a child is not emancipated, *Com. Ex rel. Cann v. Cann,* [274 Pa.Super. 274], 418 A.2d 403 (Pa.Super.1980).

Lower Court Opinion dated 9/3/97 pp. 5–6, *quoting, Hanson v. Hanson,* 425 Pa.Super. 508, 625 A.2d 1212, 1214 (1993). Therefore, we first address the issue of whether Appellants had a legal duty to pay Appellees' bills as a form of support of Christine. Finding such a duty, we need not address whether an express contract existed between the parties.

Appellants question their duty to pay since, they claim, Appellees lack standing under both 23 Pa.C.S.A. § 4321 and caselaw addressing parental liability. This Court, however, has recognized the standing of a Children's Home to sue a father under 23 Pa.C.S. § 4321 *et seq.* to pay for medical services rendered to his minor child. *Trosky v. Mann,* 398 Pa.Super. 369, 581 A.2d 177 (1990) (holding that payment of third party's medical services to minor child falls under

parents' duty to provide for their child's upbringing, i.e., support). While no case instructs whether parents of an unemancipated child over eighteen are likewise obligated to pay a third-party's bill for services performed for the child, we see no reason to depart from the *Trosky* rationale that includes within the ambit of "support" such payments to third parties. Once the particular circumstances show a child to be unemancipated, she should receive the protections of 23 Pa.C.S. § 4321 *et seq.* and related caselaw regardless of her age. Therefore, we recognize Appellees' standing to seek payment and Appellants' corresponding duty to pay if the record establishes that Christine was unemancipated at the time of treatment. *See Hanson, supra* (holding that a parent has a continuing duty to support a child who, although when reaching the age of majority, is unemancipated because of a physical or mental condition and is unable to be self-supporting because of that condition).

■ "Emancipation" is a question of fact to be determined by the circumstances presented in each case. *See Maurer v. Maurer,* 382 Pa.Super. 468, 555 A.2d 1294, 1297–8 (1989). At trial, Christine's treating psychiatrist, Appellee Mary Geiger, M.D., offered the only evidence relevant to the issue of whether Christine was emancipated during the time of her treatment. Dr. Geiger testified that Christine was "totally dependent upon her parents" as a result of her "moderately severe cerebral palsy," was "severely depressed," and had no means of employment. N.T. 12/17/96 pp. 4–6. This evidence went unrebutted. Therefore, the lower court did not commit reversible error in entering judgment in favor of Appellees, as Appellants were, as part of their duty to support their unemancipated daughter, properly held responsible for Christine's medical bills.

■ Finally, pursuant to Pa.R.A.P. 2744, Appellees ask this Court to award them attorneys' fees, delay damages, and costs incurred for responding to Appellants' "frivolous" appeal. An appeal is frivolous for purposes of Pa.R.A.P. 2744 where it lacks any basis in law or fact; simply because an appeal lacks merit does not make it frivo-

lous. *Commonwealth v. Walczak*, 440 Pa.Super. 339, 655 A.2d 592 (1995).

 While we find Appellants' appeal unpersuasive, we, nevertheless, cannot conclude that it lacked any basis in fact or law and that it amounted to an unreasonable exercise under these circumstances. Appellants referred to both facts and caselaw as support for its contentions for consolidation and continuation, respectively. Appellees do not dispute the factual basis for Appellants' argument for consolidation, namely, that a suit, which sprang from the same operative facts on which the case *sub judice* was based, proceeded in another county. Furthermore, decisions exist in which the absence of parties or witnesses warranted a continuance. *See Coda, supra.* For each of these issues, Appellants' appeal was sufficient to withstand Appellees' claim for fees, damages, and costs, if not sufficient to establish an abuse of discretion.

Appellees' third claim for fees, damages, and costs centers on Appellants' failure to refer to precedent to support its contention that the lower court improperly applied 23 Pa.C.S.A. § 4321 to enter judgment below. There is little precedent regarding the standing of third parties to seek payment from an unemancipated child of the age of majority, and thus, Appellants cannot be said to have offered this final claim in disregard of patently dim prospects. *See Murphy v. Murphy*, 410 Pa.Super. 146, 599 A.2d 647, 654 (1991) (appeal is frivolous and warrants attorney's fees if, either as a matter of fact or law, the appellant's contentions have no likelihood of success.)

For the foregoing reasons, we affirm.

Affirmed.