J-S57029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| FRANKLIN E. KEPNER JR. | IN THE SUPERIOR COURT OF |
| | PENNSYLVANIA |
| Appellant | |
| | |
| v. | |
| | |
| TINE KEPNER S/K/A ANN KEPNER | |
| | |
| Appellee | No. 835 EDA 2015 |

Appeal from the Order Dated February 5, 2015
In the Court of Common Pleas of Monroe County
Civil Division at No(s): 6943 CV 2014

BEFORE:  MUNDY, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:                          **FILED NOVEMBER 18, 2015**

Franklin E. Kepner, Jr. ("Husband"), appeals from the order entered February 5, 2015, in the Monroe County Court of Common Pleas, granting the preliminary objections filed by Tine Kepner s/k/a/ Ann Kepner ("Wife"), and dismissing Husband's complaint.[1]   On appeal, Husband contends the trial court erred in dismissing his claims for fraudulent misrepresentation and intentional interference with contractual relations.  In response, Wife argues this appeal is frivolous and vexatious, and requests counsel fees pursuant to Pa.R.A.P. 2744.   For the reasons below, we affirm the order of the trial court and deny Wife's request for counsel fees.

_____

[1] Husband and Wife were once married, but have been divorced since 2008. **See** Trial Court Opinion, 2/5/2015, at 2.

The facts underlying Husband's claims are summarized by the trial court as follows:

> In October, 2013, [Husband] was allegedly contacted by an individual from Diversified Adjustment Services stating that [Husband] had an overdue bill with Verizon and that the bill, totaling $129.46, was for services utilized at [Husband] and [Wife's] previous marital residence in Berwick, Pa. [Husband] believes [Wife] put this bill in [his] name even though [he] did not use any of the services and he had vacated the marital residence over four years earlier. [Husband] is allegedly attempting to obtain a copy of the bill, but has not been able to do so at this time. He states the bill was sent to [Wife] on March 10, 2012; that the bill was not paid by [Wife]; that the bill was placed in his name; and that harm has been caused to his credit. [Husband] seeks $2,500 in unspecified damages and $50,000 in punitive damages. …
>
> [Husband] also alleges that [he] and [Wife] owned real estate together in Berwick, PA and that they had agreed to sell the land to a mutual friend by the name of Wade Perry in August 2011. [Husband] states that based on this representation, Mr. Perry had the property subdivided. [Wife] then allegedly refused to follow through with the agreement to sell until May 2013. As a result of this delay, [Husband] alleges he was no longer able to represent Mr. Perry in the transaction. [Husband] alleges [Wife] finally agreed to sell the real estate and they closed the deal on May 20, 2013. [Husband] alleges that, as a result of [Wife's] actions, he lost legal fees in the amount of $2,500. [Husband] also seeks $50,000 in punitive damages. …

Trial Court Opinion, 2/9/2015, at 2-3.

Husband initiated this action by filing a complaint in August of 2014. In response to Wife's preliminary objections, Husband filed an amended complaint on October 23, 2014. The amended complaint set forth two causes of action; the first for fraud, based on the delinquent Verizon bill, and the second, for breach of contract and/or intentional interference with

contractual relations, based on the delay in the sale of the real estate. On November 12, 2014, Wife filed preliminary objections in the nature of a demurrer to the amended complaint. Thereafter, on February 5, 2015, the trial court entered an order granting Wife's preliminary objections and dismissing Husband's amended complaint. This timely appeal follows.[2]

Both of Husband's issues on appeal challenge the trial court's order granting Wife's preliminary objections in the nature of a *demurrer*. Our review of such a claim is well-established.

> A preliminary objection in the nature of a demurrer is properly granted where the contested pleading is legally insufficient. **Cardenas v. Schober,** 783 A.2d 317, 321 (Pa.Super.2001) (citing Pa.R.C.P. 1028(a)(4)). "Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer." **Id.** at 321-22 (citation omitted). All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true. **Id.** at 321.

> In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial

_____

[2] On March 12, 2015, the trial court ordered Husband to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Husband complied with the court's directive, and filed a concise statement on April 2, 2015.

court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.

*Brosovic v. Nationwide Mutual Insurance Co.,* 841 A.2d 1071, 1073 (Pa.Super.2004) (citation omitted).

*Hess v. Fox Rothschild, LLP*, 925 A.2d 798, 805-806 (Pa. Super. 2007) (emphasis added), *appeal denied*, 945 A.2d 171 (Pa. 2008).

First, Husband asserts the trial court erred in determining he failed to plead sufficient facts to establish a claim for fraudulent misrepresentation with respect to the delinquent Verizon bill.

To state a claim for fraudulent misrepresentation, a plaintiff must set forth the following elements in his complaint:

(1) A representation;

(2) which is material to the transaction at hand;

(3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false;

(4) with the intent of misleading another into relying on it;

(5) justifiable reliance on the misrepresentation; and,

(6) the resulting injury was proximately caused by the reliance.

*Bortz v. Noon*, 729 A.2d 555, 560 (Pa. 1999) (citations omitted). Averments of fraud in a complaint must be pled with particularity. Pa.R.C.P. 1019(b). *See Presbyterian Medical Center v. Budd*, 832 A.2d 1066, 1073 (Pa. Super. 2003) (affirming order sustaining preliminary objections to

complaint when plaintiff failed to "establish every element of its fraud claim with sufficient particularity.")

Here, Husband argues he set forth sufficient facts to support a claim for fraudulent misrepresentation. Specifically, Husband asserts he pled in his complaint: (1) Wife made a false representation to Verizon claiming that the delinquent bill was his; (2) the representation was material to the transaction, and Wife made it with knowledge of its falsity; (3) Verizon was misled by the representation because the bill was placed in his name; and (4) Husband's credit was "ruined" as a result. Husband's Brief at 9.

The trial court concluded, however, that Husband failed to plead sufficient facts to support his claim. The court opined:

> [Husband] has failed to state **any specific representation** made by [Wife] which would be sufficient to sustain an allegation of fraud. [Husband] has cited no specific representation made by [Wife], other than he ([Husband]) determined the bill was placed in his name by [Wife] without his consent. There are no specific allegations of a representation made to Verizon, intent of [Wife], or reliance by Verizon on any representation. [Husband's] allegation that he received a phone call from an individual who stated that there is an overdue Verizon bill from [Husband] and [Wife's] previous marital residence is not sufficient to support a claim of fraud against [Wife]. [Husband] has expressed opinions and inferences unsupported by the allegations set forth in the Amended Complaint. On the facts alleged, [Husband] cannot sustain an action for Intentional Misrepresentation/Fraud.

Trial Court Opinion, 2/9/2015, at 4 (emphasis supplied).

We agree with the conclusion of the trial court. In Paragraph 13 of the Amended Complaint, Husband avers:

> Upon further inquiry, [Husband] determined that the [] bill had been placed in his name by [Wife] even though [Husband] had not utilized any of the services nor had he consented to having the bill placed in his name.

Amended Complaint, 10/23/2014, at ¶ 13. This is his only averment as to how the Verizon bill was placed in his name. However, Husband failed to set forth any specific misrepresentation Wife made to Verizon with the intent to mislead the company, nor did he aver Verizon justifiably relied on Wife's "misrepresentation." *See* Pa.R.C.P. 1019(b) (fraud averments must be pled with particularity). Therefore, we agree Husband failed to state a claim for fraudulent misrepresentation.

Next, Husband argues the trial court misinterpreted his second claim as a cause of action for breach of contract, when, in actuality, he asserted a claim for intentional interference with contractual relations. Further, Husband asserts he pled sufficient facts to support such a claim, and the court erred in dismissing his amended complaint.

Both the trial court and Wife characterize Husband's second cause of action as one for breach of contract to sell real property. *See* Trial Court Opinion, 2/9/2015, at 4; Wife's Brief at 5. The court found Husband failed to establish a breach of contract claim because: (1) Husband neglected to attach a copy of the contract to his complaint; (2) Husband did not demonstrate how Wife breached the contract, since the property was eventually sold to the buyer; and (3) Husband failed to aver "specific information showing he suffered actual damages" other than his speculative assertion that the buyer intended to hire Husband to represent him in the

sale.[3]  **_See_** Trial Court Opinion, 2/9/2015, at 5-6.  We find no reason to disagree.

However, Husband does not challenge this finding on appeal.  Rather, he contends the court misinterpreted his cause of action, which, he claims, was in actuality a claim for intentional interference with contractual relations.  Husband asserts that he made the following averments in his Amended Complaint:

> [Wife] originally agreed to sell the land to one Wade Perry who was [Husband's] client.  She then, for no reason except to injure [Husband], refused to perform the contract which she had originally agreed to perform.  As a result, Wade Perry went to another attorney to perform the transaction.  [Husband] was thus injured.

Husband's Brief at 10-11.  **_See also_** Amended Complaint, 10/23/2014, at ¶¶ 26, 28, 32, 34, 35.  Based on these allegations, he contends he set forth a proper claim for intentional interference with contractual relations.

To state a cause of action for intentional interference with contractual relations, a plaintiff must prove:

> (1) the existence of a contractual, or prospective contractual relation between the complainant and a third party;

_____

[3] Indeed, as the trial court notes in its opinion, "[i]t is apparent from [Husband's] allegations that at the very least, a conflict of interest existed which prevented his representation [of the buyer]."  Trial Court Opinion, 2/9/2015, at 6 n.2.

(2) purposeful action on the part of the defendant, specifically intended to harm the existing relation, or to prevent a prospective relation from occurring;

(3) the absence of privilege or justification on the part of the defendant; and

(4) the occasioning of actual legal damage as a result of the defendant's conduct.

*Reading Radio, Inc. v. Fink*, 833 A.2d 199, 211 (Pa. Super. 2003) (citation omitted), *appeal denied*, 847 A.2d 1287 (Pa. 2004). Further,

[a] critical element of the tort is a current contractual relationship between the plaintiff and another. Therefore, a cause of action will not stand unless there has been some act by the defendant which served to deprive the plaintiff of some benefit to which he was entitled by contract.

*Al Hamilton Contracting Co. v. Cowder*, 644 A.2d 188, 191 (Pa. Super. 1994).

While we agree Husband's amended complaint purports to set forth a cause of action for intentional interference with contractual relations, we conclude this claim fails. Notably, Husband does not specify the contractual relationship he had with Perry. He simply avers Perry was his "friend and client." Amended Complaint, 10/23/2014, at ¶ 26. Without any details regarding his alleged agreement with Perry, Husband is unable to demonstrate how Wife interfered with that contract, or what damages he suffered as a result of her actions. His allegation that he "lost fees" amounting to $2,500 is purely speculative. *See id.* at ¶ 35. Accordingly, Husband failed to present sufficient facts in his amended complaint to support a claim for intentional interference with contractual relations.

Therefore, we conclude the trial court properly granted Wife's preliminary objections and dismissed Husband's complaint.

In addition to Husband's issues on appeal, Wife requests this Court award her counsel fees pursuant to Pa.R.A.P. 2744.

Rule 2744 provides, in relevant part:

In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including

(1) a reasonable counsel fee …

if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. …

Pa.R.A.P. 2744. This Court has explained that an appeal is frivolous "where it lacks any basis in law or fact; simply because an appeal lacks merit does not make it frivolous." *Geiger v. Rouse*, 715 A.2d 454, 458 (Pa. Super. 1998) (citation omitted). *See Rohm & Haas Co. v. Lin*, 992 A.2d 132, 151 (Pa. Super. 2010) (declining to award counsel fees pursuant to Rule 2744 when appellants "refer[red] to both facts and case law in support of their arguments" that trial court rulings were improper). Further, although the term "vexatious" is not defined in the statute, this Court has defined the term, albeit in another context, "a legal strategy 'without sufficient ground in either law or in fact and ... serv[ing] the sole purpose of causing annoyance.'" *Pietrini Corp. v. Agate Const. Co.*, 901 A.2d 1050, 1053 (Pa. Super. 2006) (defining "vexatious" conduct with regard to counsel fees under the Prompt Pay Act, 62 Pa.C.S. § 3935).

While we sympathize with Wife's frustration in defending a lawsuit that appears to have been filed by a disgruntled ex-spouse who happens to be an attorney, we decline to award counsel fees at this time. Husband's issues on appeal, while clearly meritless, do not lack any basis in law or fact. Indeed, as noted above, we agree with Husband's contention that the trial court misinterpreted the nature of his cause of action for intentional interference with contractual relations. Moreover, we cannot conclude with certainty that Husband's decision to appeal the trial court's ruling was vexatious, and Wife does not offer any evidence to the contrary besides her mere allegations. Nevertheless, we caution Husband that the claims raised herein come dangerously close to the frivolous and vexatious standard in Rule 2744.

Order affirmed. Request for imposition of counsel fees denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/18/2015