J-S13016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| M.R. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| D.D. | |
| Appellant | No. 2275 EDA 2016 |

Appeal from the Order Entered June 24, 2016
In the Court of Common Pleas of Philadelphia County
Domestic Relations at No(s): 1606V7837

BEFORE: BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:          **FILED FEBRUARY 24, 2017**

D.D. appeals from a final protection from abuse (PFA)[1] order entered against him in the Court of Common Pleas of Philadelphia County. After careful review, we affirm the order finding that Appellee M.R. was abused by D.D. pursuant to 23 Pa.C.S. § 6102(a)(2).

At the time of the underlying incident, M.R. and D.D. were living together[2] and had been in a romantic relationship for five years. It is uncontroverted that the couple had a tumultuous relationship where their arguments often escalated into physical altercations. On June 12, 2016,

_____

[*] Former Justice specially assigned to the Superior Court.

[1] *See* 23 Pa.C.S. §§ 6202-6122 (Protection from Abuse Act ("PFAA")).

[2] M.R.'s cousin also lived with the couple.

M.R. filed a PFA petition against D.D. based on events that transpired at her home on the morning of the 12th. A temporary *ex parte* PFA order (for protection only) was entered on that same day. On June 16, 2016, the court amended the temporary order to provide "for protection and eviction" and to allow D.D. to return to M.R.'s residence for a brief time in order to retrieve his personal belongings. On June 24, 2016, the court held a PFA hearing, after which it determined that M.R. proved, by a preponderance of the evidence, that an act of abuse occurred. D.D. and M.R. were the sole witnesses at the hearing. At the hearing, the court heard testimony from M.R. that over the last five years D.D. had acted abusively toward her on at least five occasions.

The court entered a final PFA order against D.D., effective for three years, which is set to expire on June 23, 2019. The court set forth its legal conclusions as follows:

> As the result of the testimony presented at the hearing, this [c]ourt made a finding on the record that [M.R.] met her burden of proving by a preponderance of the evidence pursuant to [s]ection 6102(a)(1) of the Abuse Act that [D.D.] attempted to cause or intentionally, knowingly or recklessly caused an indecent assault on [M.R.] when he proceeded to sexually violate [M.R.], after she expressly indicated she did not want to have sex, by restraining her and forcibly grabbing her underwear and tearing out her panty liner. In addition, this Court found that [M.R.] met her burden in proving pursuant to [s]ection 6102(a)(2), that [D.D.] placed [M.R.] in reasonable fear of imminent serious bodily injury by restraining her, forcibly grabbing her underwear in order to rip her panty liner out and raising his hand at [M.R.] in what she perceived to be [a] threatening manner. Lastly, this [c]ourt determined that there was sufficient evidence to find that [D.D.] inflicted false

imprisonment on [M.R.] as defined under [s]ection 6102(a)(3). Subsection (3) adopts a criminal code definition for an abuse determination pursuant to 18 Pa.C.S. [s]ection 2903. Section 2903 states "a person commits a misdemeanor of the second degree if he knowingly restrains another unlawfully so as to interfere substantially with his liberty." 18 Pa.C.S. [§]2903. Based on the evidence of record, this [c]ourt found [D.D.]'s deliberate act of restraining [M.R.] after she declined to have sex and proceeding with a nonconsensual grabbing at her crotch rose to [the] level of false imprisonment as defined under the PFAA. Regardless of the fact that the act of restraint may have been short in duration, this [c]ourt finds that [D.D.'s] actions substantially interfered with [M.R.]'s liberty and violated her explicit refusal to engage in physical contact with [D.D.]. In fact, it was [M.R.]'s testimony that, after she was able to get off the bed and away from [D.D.], she immediately ran to her cousin's room for safety and put on some clothes.

Trial Court Opinion, 10/7/16, at 5-6.

D.D. filed a timely notice of appeal from the PFA order and a court-ordered Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. He presents the following issue for our consideration: Did the lower court abuse its discretion in granting [M.R]'s petition for a final protection order as [M.R.] did not prove abuse occurred on June 12, 2016, by a preponderance of the evidence?[3]

The purpose of the PFAA ("Act") is to protect victims of domestic violence from the perpetrators of abuse and to prevent domestic violence from occurring. **Ferko-Fox v. Fox**, 68 A.3d 917, 921 (Pa. Super. 2013). The Act's goal "is not punishment of abusers for past violent behavior, but

_____

[3] We note that M.R. has not filed an Appellee's brief.

advance prevention of physical and sexual abuse." ***Burke v. Bauman***, 814 A.2d 206, 208 (Pa. Super. 2002) (internal citations omitted). Under the Act, the petitioner has the burden of proving by a preponderance of the evidence the allegations of abuse. ***See*** 23 Pa.C.S. § 6107(a).

Instantly, D.D. contends that his actions, although they may have been illegal, did not constitute abuse under the Act as they did not rise to the level of indecent assault or false imprisonment, and did not create a reasonable fear in M.R. that imminent serious bodily injury would occur.

A claim that the evidence was insufficient to support a PFA order is reviewed under the following standard:

> [W]e review the evidence in the light most favorable to the petitioner[, M.R.,] and granting her the benefit of all reasonable inferences, determine whether the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence.

***Fonner v. Fonner***, 731 A.2d 160, 161 (Pa. Super. 1999) (quoting ***Miller on Behalf of Walker v. Walker***, 665 A.2d 1252, 1255 (Pa. Super. 1995)). A preponderance of the evidence standard is defined as the greater weight of the evidence, i.e., to tip a scale slightly is the criteria or requirement for preponderance of the evidence. ***Raker v. Raker***, 847 A.2d 720, 724 (Pa. Super. 2004). With this standard in mind, we also recognize that it is the trial court's duty to assess the credibility of the witnesses; if the trial court's findings are supported by competent evidence, we are bound by them. ***Coda v. Coda***, 666 A.2d 741, 743 (Pa. Super. 1995).

At the PFA hearing, M.R. testified that in the early morning hours of June 12, 2016, as she and D.D. were lying in bed together, D.D. initiated sex with her by rubbing his penis on her backside. N.T. PFA Hearing, 6/24/16, at 10, 19. M.R. testified that this was a common form of foreplay that she and D.D. engaged in. *Id.* at 19-20. M.R., who was lying on her stomach, told D.D. "no." D.D. then pulled down M.R.'s underwear, ripped out the panty liner attached to her underwear and threw it on the bed. *Id.* at 10. M.R. testified that she "kind of rolled over on [her] stomach at this point and [then D.D.] mugged[4] [her] face down." *Id.* at 10-11. M.R. testified that D.D. was angry that she wouldn't have sex with him and stood "over [her] as if he was about to punch her," but then stood up and punched her laptop.[5] *Id.* at 11. M.R. testified that she left the bedroom, went to her cousin's bedroom where she put on a dress and "in between, [D.D.] kind of locked [her] out [of] the room." *Id.* M.R. testified that she went back to the bedroom where she saw D.D. looking for something. *Id.* At that point, M.R. claims that she left the house and went to the police to file a report against D.D.

_____

[4] The parties testified that "mugging" means when someone uses an open hand and pushes it into someone's face. N.T. PFA Hearing, 6/24/16, at 11, 33.

[5] M.R. also testified that D.D. "took and slung [food and things] off of the dresser" onto the floor in the bedroom. N.T. PFA Hearing, 6/24/16, at 12.

D.D. testified at the PFA hearing that on the morning of June 12th he tried to initiate sex with M.R.; she, however, was not interested. At that point, he testified he finished "massaging" her with his penis on her buttocks, "got off of her," sat down on the side of the bed, pulled out his phone and started watching an adult movie. *Id.* at 34-35. He then claims that M.R. got agitated and "smacked [his] phone out of [his] hand," causing it to crack. *Id.* at 35. D.D. testified that in response, he slammed M.R.'s laptop and, at that point, M.R. and M.R'.s cousin started to throw objects at him. *Id.* D.D. then claims that he "slammed the door and . . . barricaded [him]self in the room" despite the fact that M.R. and her cousin were "ramming themselves in the door to try and to see . . what was going on inside the room." *Id.* at 37. D.D. testified that he never sexually assaulted M.R. or attempted any kind of sexual act against her will. *Id.* at 38.

Abuse is defined under the PFA, in part, as:

The occurrence of one or more of the following acts between family or household members, sexual or intimate partners or persons who share biological parenthood:

* * *

(2) Placing another in reasonable fear of imminent serious bodily injury.

23 Pa.C.S. § 6102(a)(2). An individual need not actually suffer serious bodily injury to prove abuse under subsection (a)(2). Rather, the key issue is whether D.D.'s actions put M.R. in reasonable fear of imminent serious bodily injury. *Raker*, *supra*. Therefore, the fact that M.R. was not

punched, kicked, slapped, or injured as a result of the mugging is of no moment for purposes of proving abuse under section 6102(a)(2).

D.D.'s unwanted rubbing of his penis on M.R.'s buttocks, pulling down of her underwear and ripping out her panty liner, mugging her in the face, and momentarily restraining her on the bed, coupled with D.D.'s past violent actions towards M.R. in 2011, 2013, 2014 and 2015, support the trial court's conclusion that M.R. was in reasonable fear of imminent serious bodily injury for purposes of a finding of abuse under the PFA. **Miller v. Walker**, 665 A.2d 1252 (Pa. Super. 1995) (perpetrator's past abusive conduct is crucial inquiry necessary for entry of proper PFA order). Moreover, the court found M.R.'s testimony more credible than that of D.D., **Coda**, **supra**, and the record supports the trial court's legal conclusions under section 6102(a)(2). Thus, we affirm.[6]

Order affirmed.

_____

[6] Having determined that the court properly found abuse under one subsection of § 6102(a), we need not review the sufficiency of the evidence for the remaining subsections raised on appeal. **See** 23 Pa.C.S. § 6102(a) ("Abuse" under PFA is defined "the occurrence **of one or more** of the following acts between family or household members, sexual or intimate partners or persons who share biological parenthood[.]") (emphasis added).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/24/2017</u>