J. S58005/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| J.M.M. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| W.A.G., | : | No. 382 MDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered February 3, 2017,
in the Court of Common Pleas of Cumberland County
Civil Division at No. 2017-00501

BEFORE:  GANTMAN, P.J., SHOGAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:    **FILED SEPTEMBER 21, 2017**

W.A.G. appeals from the final protection from abuse ("PFA") order entered against him on February 3, 2017, in the Court of Common Pleas of Cumberland County, pursuant to 23 Pa.C.S.A. § 6102(a)(5).  We affirm.

The record reflects that J.M.M. ("victim")[1] filed a complaint in divorce against appellant in July 2013.  (Petition for PFA, 1/25/17 at 2, ¶ 6.)  The record further reflects that victim and appellant are the parents of two minor children and that victim has a child from a previous relationship.  (***Id.*** at ¶¶ 9 & 10.)  Although the record is unclear as to when the parties' divorce decree was entered, it was entered prior to the February 1, 2017 hearing on this matter.  (Notes of testimony, 2/1/17 at 4.)

---

[1] We note that victim did not file an appellee's brief.

The trial court set forth the remaining factual history, as follows:

> The record shows that [appellant] arrived at [victim's] house on or around January 4, 2017. The visit was unannounced and occurred at night. [Victim] and the children were upset by the unexpected visit. The eldest child even responded by grabbing the family's shotgun. Then, not long after [appellant's] unannounced visit, and contrary to an explicit court order, he again contacted [victim], this time via text.[Footnote 5] While the texts were made out by the defense to be nothing more than texts concerning the children, the possible underlying meaning of the "good-bye" concerned [victim]. Moreover, the texts were made in violation of a no-contact provision in the existing custody order which was put in place for [victim's] protection. It is important to be mindful that such provision was made in response to [appellant's] conduct years earlier which resulted in a previous [PFA] Order being granted. Furthermore, prior to [appellant's] unexpected visit and unsolicited text to [victim], he had made some concerning statements to his children which they relayed to [victim]. Specifically, he stated that divorce was unacceptable because marriage meant "until death." [Victim] believed that he meant she would not escape him until she was dead and became fearful based on her past abusive experiences with him.

> > [Footnote 5] The texts allegedly included a YouTube video clip of Adelle [sic], a singer/songwriter, and a message saying, "Goodbye, [victim]."

> > [Victim] was the only person to testify. We found her to be credible. [Appellant] did not offer any evidence. . . .

Trial court opinion, 5/15/17 at 2 (footnotes 2-4 and 6-8 omitted).

On February 3, 2017, the trial court entered the PFA order against appellant, and appellant filed a timely notice of appeal. The trial court then

ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. Thereafter, the trial court filed its Rule 1925(a) opinion.

Appellant raises the following issue for our review:

> Whether sufficient evidence was presented at trial to support the [t]rial [c]ourt's finding of abuse where no evidence was presented to show that [appellant] engaged in a course of conduct or that [victim's] fear of bodily injury was reasonable?

Appellant's brief at 4 (italics omitted).

"In the context of a PFA order, we review the trial court's legal conclusions for an error of law or abuse of discretion." ***Drew v. Drew***, 870 A.2d 377, 378 (Pa.Super. 2005) (citation omitted). The purpose of the Protection from Abuse Act, 23 Pa.C.S.A. §§ 6101-6122 ("PFAA"), is not to punish abusers for past violent behavior, but to advance the prevention of domestic violence from abusive perpetrators. ***Fonner v. Fonner***, 731 A.2d 160, 161 (Pa.Super. 1999). This court has emphasized that "[t]he purpose of the [PFAA] is to protect victims of domestic violence from those who perpetrate such abuse, with the primary goal of advance prevention of physical and sexual abuse." ***Buchhalter v. Buchhalter***, 959 A.2d 1260, 1262 (Pa.Super. 2008). Under the PFAA, the petitioner bears the burden of proving the allegations of abuse by a preponderance of the evidence. ***See*** 23 Pa.C.S.A. § 6107(a). For proceedings where, as here, the petitioner commences proceedings under the PFAA, the PFAA defines "abuse" as:

"[k]nowingly engaging in a course of conduct or repeatedly committing acts toward another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury."  23 Pa.C.S.A. § 6102(a)(5).

When reviewing a challenge to the sufficiency of the evidence to support a PFA order,

> we review the evidence in the light most favorable to the petitioner and granting her the benefit of all reasonable inferences, determine whether the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence.

*Fonner*, 731 A.2d at 161 (citation omitted).  A "preponderance of the evidence standard is defined as the greater weight of the evidence, [*i.e.*], to tip a scale slightly is the criteria or requirement for preponderance of the evidence."  *Raker v. Raker*, 847 A.2d 720, 724 (Pa.Super. 2004). Additionally, this court defers to the trial court's credibility determinations of the witnesses; and if competent evidence supports the trial court's findings, we are bound by those findings.  *Coda v. Coda*, 666 A.2d 741, 743 (Pa.Super. 1995).

Within his sufficiency challenge, appellant first contends that victim "failed to prove by a preponderance of the evidence that [appellant] engaged in a course of conduct because she did not present evidence of a pattern of acts over a period of time, evidencing continuing conduct." (Appellant's brief at 12.)  Despite this contention, the record reflects that at

the PFA hearing, victim testified that she is afraid of appellant because of "the years that we've been married, the abuse that was going on, and now that I'm living alone with my kids, he's been coming around, and I was told it's death do us part." (Notes of testimony, 2/1/17 at 4.) Victim also testified about a 2013 PFA she obtained against appellant that expired in 2015. (*Id.* at 6.) Although victim did not testify to each prior act of abuse, appellant ignores the fact that the basis of the PFA hearing was the PFA petition that victim filed against him. Therefore, the allegations contained in the PFA petition are part of the record and were properly considered by the trial court. The petition includes details of prior incidents of abuse that victim suffered at the hands of appellant, including an incident where appellant threw a large fan at victim because she refused to have sexual relations with him, as well as a 16-year history of appellant forcing victim to engage in sexual relations with him. (Petition for PFA, 1/25/17 at 2, ¶ 12.) The petition also contains allegations of repeated acts of physical abuse that appellant inflicted upon victim, including punching, kicking, and head butting. (*Id.*) The victim also alleged that appellant threw a loaded shotgun on the bed beside her and told her to pull the trigger or he would. (*Id.*) The record, therefore, belies appellant's contention that victim failed to prove by a preponderance of the evidence that appellant engaged in a course of abusive conduct over a period of time.

Appellant next contends that victim "failed to introduce evidence that she was in reasonable fear of bodily injury" because even though victim "testified that she was in fear of bodily injury from [appellant], there is no evidence that this fear was reasonable under the circumstances." (Appellant's brief at 13.) Once again, appellant is mistaken. The allegations contained in the PFA petition, together with victim's testimony at the PFA hearing on that petition, established that victim endured 16 years of abuse at the hands of appellant during their marriage,[2] and that following the expiration of a previous PFA order entered against him, appellant appeared at victim's home, told her children that "divorce is not acceptable" and "it's death do us part," and texted victim a YouTube link to the music video "Someone Like You" by Adele, followed by a text stating, "Goodbye, [victim]." Consequently, the record belies appellant's contention that victim's fear is unreasonable under the circumstances and supports the trial court's finding by a preponderance of the evidence that appellant's course of conduct placed victim in reasonable fear of bodily injury.

Appellant finally claims that the trial court abused its discretion by considering the 2013 PFA order entered against him that expired in 2015, as well as appellant's violations of that PFA, because that "information [was] outside of what was presented at trial." (Appellant's brief at 15.) Appellant

---

[2] We note that this court has held that past acts of violence are significant in determining the reasonableness of a PFA petitioner's fear. **Buchhalter**, 959 A.2d at 1264.

fails to cite to any law, and we are aware of none, that prohibits a trial court from considering the allegations in a PFA petition when conducting a hearing on that very petition. To the contrary, we have held that a person who files a PFA petition "will not be rigorously limited to the specific allegation of abuse found in the [p]etition." ***Buchhalter v. Buchhalter***, 959 A.2d 1260, 1263 (Pa.Super. 2009). Obviously, then, and converse to appellant's contention, the trial court properly considered the allegations contained in the PFA petition, including the previous PFA order and resultant criminal court action taken against appellant. (Petition for PFA, 1/25/17 at 2, ¶¶ 6 & 7.)

Viewing the evidence of record in the light most favorable to victim and granting her the benefit of all reasonable inferences, the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence that appellant engaged in a course of conduct toward victim that placed victim in reasonable fear of bodily injury.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/2017