Commonwealth ex rel. Prelec *v.* Prelec, Appellant.

Argued April 19, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*William F. Beatty,* for appellant.

*John M. Feeney, Jr.,* with him *Moorhead & Knox,* for appellee.

OPINION BY GUNTHER, J., July 21, 1955:

This appeal is from a support order entered against a father for the benefit of his child. The parents are divorced and the child is in the custody of the mother who is to receive the support on behalf of the child. The father does not contest the amount of the order, but rather contends that no order whatever should have been entered.

The child has remained in the custody of the mother since the parties separated. However, due to financial difficulties, both mother and child moved into the home of her parents. Since that time the mother has contributed little or no support for the child, the cost of maintenance having been supplied by the grandfather. The grandfather did not institute this action and has never received or sought support for the child from the defendant.

The defendant father maintains that the mother is not the proper person to seek the support or to receive it because she is not providing actual support and because the grandfather seeks no financial help. Defendant misconceives the law of support. The Act of June 24, 1939, P. L. 872, §733, as amended, 18 PS 4733 authorizes a nonsupport action to be instituted by the mother, children, or any person. There is no requirement that the mother be supporting the child at the time the action is instituted. The desire of this mother, as expressed by her at the hearing, is to support the child independently and not to live permanently with her parents. The fact that the grandfather has been supplying the support for the child does not relieve the father of his legal duty to support. *Com. ex rel. Groff v. Groff,* 173 Pa. Superior Ct. 535, 98 A. 2d

424

449. The existence of an independent source of income is an attendant circumstance only and will not bar enforced contribution from the father. *Com. ex rel. Yeats v. Yeats,* 168 Pa. Superior Ct. 550, 79 A. 2d 793. Nor is there any merit to the contention that only the grandfather should prosecute this action or receive funds on behalf of the child. A support order cannot be retroactive and therefore cannot here be used to reimburse the grandfather. It is patent from the record that the mother has legal custody of the child and it follows that she should be the recipient of the father's contribution. The fact that the mother may have previously refrained from requesting support is immaterial, as is any agreement made not to ask support from the father. *Com. ex rel. Yeats v. Yeats,* supra.

Order affirmed.