## Commonwealth ex rel. O'Hey *v.* McCurdy, Appellant.

Argued June 15, 1962. Before RHODES, P. J., WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (ERVIN, J., absent).

Thomas B. Moreland Porter, Jr., with him Foulke, Knight & Porter, for appellant.

William F. Fox, with him Fox, Differ, DiGiacomo & Lowe, for appellee.

OPINION BY WRIGHT, J., September 13, 1962:

This is an appeal by John G. McCurdy from an order of the Court of Quarter Sessions of Montgomery County requiring him to pay the basic sum of $195.00 per week for the support of his four minor children who are presently in the custody of appellant's former wife, Anne C. O'Hey. See *Commonwealth ex rel. O'Hey v. McCurdy*, 196 Pa. Superior Ct. 79, 173 A. 2d 672; *Commonwealth ex rel. O'Hey v. McCurdy*, 199 Pa. Superior Ct. 22, 184 A. 2d 290.

The proceeding had its inception in a petition under the Act of September 26, 1951, P. L. 1494, amending Section 733 of The Penal Code, 18 P.S. 4733. This petition was filed by Anne C. O'Hey and joined in by John G. McCurdy. The court below thereupon directed a preliminary conference before the probation officer, which conference did not result in any agreement. The latter was eventually heard by Judge HONEYMAN, and the order from which the instant appeal has been taken was entered on February 16, 1962. This order provides

for a weekly payment of $195.00, plus a temporary additional sum of $15.00 per week to cover the tuition and school expenses of the youngest child. For the weeks during which appellant has the children with him, pursuant to his visitation rights, the amount payable under the support order is reduced to $55.00. The facts are summarized in the opinion below as follows:

"The defendant, Mr. McCurdy, has a total separate estate well in excess of $650,000.00. His admitted income after Federal Income Taxes in 1960 was $23,575.80, and in 1961 was $22,142.27. In 1960 his gross income included an item of salary of $6,878.00 and in 1961 $7,436.00. It would seem rather obvious to the Court that the financial statements he submitted in evidence either do not fully reflect all of his income by way of investment or else the principal of his separate estate is poorly invested or some of the money is nonproductive. $650,000.00 would earn at a rate of 4% gross investment income of $26,000.00 per annum as opposed to investment income which he listed in 1961 at $19,925.72. A Court is not limited to considering a defendant's admitted income but may also consider the extent of the principal of the defendant's separate estate. Therefore this Court finds that the defendant has an earning capacity in excess of that which he admits in the testimony and has the ability to pay support greater than that which he asserts he has.

"The four minor subjects of this proceeding also have separate estates consisting of funds in guardians' accounts, in accounts created under Deeds of Trust, as well as tentative Trust Accounts in a savings bank. The principal of John G. McCurdy, Jr.'s separate estate totals $60,968.00; the principal of Anne C. McCurdy's separate estate totals $53,975.00; the principal of Edward G. McCurdy's separate estate totals $33,973.00; and that of James A. McCurdy, II, totals $31,966.00. It should be noted that $24,000.00 of James' separate

estate is held by his father in the form of Government
Bonds and no guardian has been appointed for James.
No expenditures for the education of James have been
or are being made out of his separate estate. However, James along with his brothers, John and Edward,
attend a very fine private elementary school, Chestnut
Hill Academy. The tuition and incidental school expenses at Chestnut Hill Academy for John, Jr., and
Edward are paid out of the income of their separate
estates. The only daughter of the parties, Anne, attends Springside School, a very fine and fashionable
elementary school for young ladies of social status, and
her tuition and school expenses are paid out of the income of her separate estate. The Deeds of Trust for
each of the four minor children makes provision for
payments out of principal and/or income for their
maintenance and education and the father-defendant
is a co-trustee under these Deeds of Trust. However,
all income under these Deeds of Trust has been left to
accumulate as well as the income from the accounts in
the savings bank. The school expenses, as aforesaid,
have been paid out of the guardians' accounts for the
three oldest children. The father-defendant testified
that the support order should include a sum sufficient
to cover the tuition and school expenses of James, since
the guardianship has not, as yet, been set up. When,
or if, this is accomplished the support order entered in
the order following this opinion should be reduced by
the sum of $15.00 per week, provided such tuition and
school expenses are assumed by the guardian for James.
Both Chestnut Hill Academy and Springside School
are well-known to the Court and bespeak many words
in respect to the matter of station in life of the parties,
since they are both rather expensive and fashionable
private schools, calling for better than average clothing, more extensive social affairs and all else that goes
with attendance at such schools as contrasted with the

demands attendant upon schooling in our public or parochial schools.

"Mrs. O'Hey, the mother-prosecutrix, is not employed other than as a housewife and has a separate estate of her own worth $17,314.00 from which she derives annual income of approximately $800.00. Otherwise, she is dependent upon the earnings or income of her present husband. In support of her demand for $250.00 per week, exclusive of James' tuition and school expenses, Mrs. O'Hey testified as to an itemization of the expenses attendant upon rearing these four minor children. Without burdening this opinion with an analysis of these expenditures, suffice it to say that in some details they appear to be excessive but in most particulars they appear to the Court to be realistic. In support of his assertion that $125.00 per week is sufficient, including the tuition and school expenses for James, Mr. McCurdy produced an accountant-prepared analysis of the household expenditures he made for food, clothing and shelter in the years 1957, 1958, 1959 and 1960, after which time the parties separated. Based upon this analysis, he contends that he was able to provide the necessities of life for his four minor children at $1,026.59 per child, exclusive of tuition and school expenses. However, he admitted that this calculation only included those items which he paid by check and did not include cash expenditures, nor monies expended by his then wife while she was married to and living with the defendant, nor any gifts or contributions made by others, particularly the paternal grandmother of these children, who admittedly assisted financially in the maintenance of these children in the form of contributions for the domestic help in the home as well as extensive purchases of clothing for the children. It is also significant to note that the average cost for each child for food, clothing and shelter in 1960 was $1,-

274.55, not including the above-mentioned items and the cost of medical care for the four children".

It is conceded in appellant's brief that his liability for support is not in dispute. Nor is any question raised concerning the temporary additional payment for the youngest child. Appellant's contentions on this appeal may be condensed and summarized as follows, first, that the court below applied improper standards and entered an order which was unreasonable under the circumstances; second, that no payment whatever should be required for the weeks during which appellant has the children with him.

The applicable legal principles are well settled. An order for support of children is intended to provide such allowance for support as is reasonable in the light of the property, income and earning capacity of the father, and the condition or station in life of the family: *Commonwealth ex rel. Warner v. Warner,* 194 Pa. Superior Ct. 496, 168 A. 2d 755. In support proceedings, the appellate court will not interfere with the determination of the court below unless there has been a clear abuse of discretion: *Commonwealth ex rel. Kane v. Kane,* 193 Pa. Superior Ct. 98, 163 A. 2d 925; *Commonwealth ex rel. McCuff v. McCuff,* 196 Pa. Superior Ct. 320, 175 A. 2d 124. Our function is to determine whether there is sufficient evidence to sustain the order of the hearing judge: *Commonwealth ex rel. Podvasnik v. Podvasnik,* 198 Pa. Superior Ct. 107, 181 A. 2d 843.

Appellant argues that the court below should not have based the needs of the children upon the fact that the income from their individual estates enables them to attend private schools. Conceding that the effect that this factor may have had upon the amount of the order is "speculative", appellant nevertheless devotes a considerable portion of his brief to it. His complaint seems to be that the sending of the children to private

schools, because of their individual estates, indicates a standard of living higher than appellant can afford. An obvious answer is that the children attended private schools during the time that they lived with appellant, who himself was accorded a similar education in his youth. Furthermore, as previously noted, the school expenses are being paid out of the guardians' accounts for the three oldest children, and will eventually be so paid for the youngest child. "A wealthy father has a legal duty to give his children the 'advantages' which his financial status indicates to be reasonable": *Hecht v. Hecht,* 189 Pa. Superior Ct. 276, 150 A. 2d 139.

Appellant makes an itemized attack upon the various expenditures which the mother of the children asserted were necessary for their support, and which total the sum of $250.00 per week. However, the hearing judge did not accept these amounts without question. In practical effect, his order represents a compromise between the conflicting assertions of the parties. Appellant also criticizes the manner in which his income was treated by the court below. The amount of income returned for federal taxes is not controlling in determining appellant's ability to pay support: *Commonwealth ex rel. Litz v. Litz,* 190 Pa. Superior Ct. 310, 154 A. 2d 420. The father's standard of living is a relevant factor, and his credibility on the matter of financial resources is for the hearing judge: *Commonwealth ex rel. Marvin v. Marvin,* 193 Pa. Superior Ct. 179, 164 A. 2d 128. "The court need not accept as accurate the testimony of the defendant nor the financial record of his accountant made from information furnished by the defendant. It could make its own deductions from the evidence and the accompanying circumstances": *Commonwealth ex rel. Naselsky v. Naselsky,* 199 Pa. Superior Ct. 270, 184 A. 2d 288.

Appellant also argues that the court below improperly took into consideration the generous gifts made by

the paternal grandmother of the children when the family lived together as a unit. He contends that, in actual result, the hearing judge imposed a support order upon the grandmother. To the contrary, her financial position and the contributions made by her were properly considered by the hearing judge in determining the social status and mode of living of the parties. See *Commonwealth ex rel. Groff v. Groff*, 173 Pa. Superior Ct. 535, 98 A. 2d 449; *Commonwealth ex rel. Prelec v. Prelec*, 179 Pa. Superior Ct. 422, 115 A. 2d 847; *Commonwealth ex rel. Kreiner v. Scheidt*, 183 Pa. Superior Ct. 277, 131 A. 2d 147.

We come finally to appellant's contention that the order of $55.00 for the weeks during which the children are with him is improper because it requires him to pay "for the maintenance of a divorced wife and her second husband's home". Appellant fails to consider the fact that, except for the item of food, expenses continue even though the children may not be in the mother's custody for short periods of time. Furthermore, a support order must necessarily include a reasonable amount for maintenance of the home wherein the children reside permanently. We will not attempt to set forth in detail the varied expenses, other than food, which occur in the rearing of children. It is sufficient to point out that many of these expenses remain constant despite the fact that the children may be temporarily absent from the home. In the case at bar the hearing judge made a reasonable attempt to average out such expenses on a yearly basis. The record discloses no error of law in this connection.

In conclusion, no two support cases are exactly alike. The hearing judge must consider all of the relevant circumstances. It is our view that he has properly done so in the case at bar. We find that his order is supported by the evidence, and perceive no abuse of discretion.

Order affirmed.