418 A.2d 403

**COMMONWEALTH of Pennsylvania ex rel. Wistar L. CANN**

**v.**

**Charles M. CANN, Appellant.**

Superior Court of Pennsylvania.

Argued June 11, 1979.

Filed Jan. 11, 1980.

Edward A. Savastio, Upper Darby, for appellant.

Elizabeth M. Mayer, Media, for appellee.

Before SPAETH, STRANAHAN and SUGERMAN,* JJ.

STRANAHAN, Judge:

This is an appeal by defendant father, Charles M. Cann, from the refusal of the court below to vacate an order of December, 1975 directing the defendant to pay $65.00 semi-monthly for the support of his daughter.

In August 1977 the defendant filed a petition in the Delaware County Court of Common Pleas seeking to vacate an earlier support order entered against him. This petition claimed that his daughter, Lila Cann, had completed her education, was employed and fully emancipated.

An Answer and New Matter was filed on behalf of the plaintiff, Wistar Cann Mains, and Lila Cann. Plaintiff admitted that Lila Cann had completed her schooling but alleged that she suffers from a learning disability and as a

---

* President Judge John Q. Stranahan of the Court of Common Pleas of Mercer County, Pennsylvania, and Judge Leonard Sugerman of the Court of Common Pleas of Chester County, Pennsylvania, are sitting by designation.

result of this she is unable to gain employment whereby she would be self-supporting. Plaintiff also denied that Lila Cann was fully emancipated.

A hearing regarding this petition was held January 19, 1978. At that time the only witness called was Lila Cann, who was called as on cross examination by the defendant and was also examined by counsel for the plaintiff. Additionally, counsel for plaintiff introduced a list of expenses prepared by Lila Cann. At the hearing it was established that Lila Cann was 19 years of age and was living apart from her mother in an apartment rented from her grandfather. The testimony also revealed that she had a job cleaning house and babysitting. She worked 40 hours per week at these jobs.

Judge Reed entered an order April 4, 1978 denying defendant's petition to vacate the order of support for Lila Cann and continuing the existing order. This order was based on Judge Reed's finding that Lila Cann was unable to fully support herself because of an acknowledged mental deficiency. It is from the April 4 order that defendant appeals.

In reviewing an order entered in a support proceeding, an appellate court has a limited scope of review. The trial court possesses wide discretion as to the proper amount of child support and a reviewing court will not interfere with the determination of the court below unless there has been a clear abuse of discretion. *Commonwealth ex rel. Berry v. Berry*, 253 Pa.Super. 268, 384 A.2d 1337 (1978). The function of the appellate court is to determine whether there is sufficient evidence to sustain the order of the hearing judge. *Commonwealth ex rel. O'Hey v. McCurdy*, 199 Pa. Super. 115, 184 A.2d 291 (1962).

However, before reviewing the evidence in the present case it is important to note the well-settled law regarding the responsibility of a father to support a child who has completed its education and attained majority:

Ordinarily a parent is not required to support his adult child but there is a well recognized exception supported by abundant authority that where such child is too feeble physically or mentally to support itself the duty on the parent continues after the child has attained its majority. . . . the presumption undoubtedly is that when the child comes of age, the reciprocal duties between father and child are at an end, but such presumption is overcome where conditions show that either party is incapable of self-support. *Commonwealth ex rel. O'Malley v. O'Malley*, 105 Pa.Super. 232, 234, 161 A. 883, 884 (1932), cited in *Colantoni v. Colantoni*, 220 Pa.Super. 46, 281 A.2d 662 (1971).

The test to determine if an order of support should be revoked is whether the child is physically and mentally able to engage in profitable employment and whether employment is available to that child at a supporting wage. *Commonwealth ex rel. Groff v. Groff*, 173 Pa.Super. 535, 98 A.2d 449 (1953), *Commonwealth v. Gilmore*, 97 Pa.Super. 303 (1929). A reading of the applicable case law makes it clear that the appellant must demonstrate not just that the child is capable of earning some income, but that the child is able to earn a sufficient living to be entirely self-supporting in order to justify vacating a support order.

Therefore, the issue in this case is whether the hearing judge abused his discretion in continuing the support order, remembering that the appellant has the burden of showing such a change in circumstances as would prove a manifest abuse of discretion on the part of the lower court in continuing the order. *Commonwealth ex rel. Welsh v. Welsh*, 222 Pa.Super. 585, 296 A.2d 891 (1972); *Commonwealth ex rel. Nicholson v. Groff*, 169 Pa.Super. 12, 82 A.2d 536 (1951).

As to the facts in the instant case it cannot be said that the lower court abused its discretion when it found that Lila Cann was not capable of self support. The testimony shows that the adult child is living apart from her mother in

an apartment, drives her own car and is employed doing domestic work. Nevertheless we hold that the hearing judge was warranted in reaching this conclusion.

At the hearing there was evidence from which it could be found that Lila Cann made only $49.00 per week (rr. 31a) while she had monthly rent and other expenses to meet. Suffice to say that her testimony regarding her income and expenses was very confusing because of her limited mental capacity, however, there was testimony from which the court could and did conclude that the witness paid $98.00 per month rent (rr. 30a) plus car payments and expenses of $7.00 per week (rr. 20a, 30a) as well as various other expenses including food, clothing and telephone. (Appendix A to appellee's brief introduced as Exhibit 1 at hearing.) The hearing judge had the witness before him, listened to her and therefore was best able to resolve any of the many conflicts in testimony. *Commonwealth ex rel. Groff v. Groff*, supra.

In addition to the above evidence, there was testimony that appellant's daughter was receiving support from her grandfather in the form of maintaining her Blue Cross and Blue Shield coverage (rr. 25a), giving her a reduction in her rent (rr. 29a), as well as signing for her car loan, (rr. 20a). When considering support provided by the grandfather, it must be remembered that the fact the grandfather has been supplying support for a child does not relieve the father of his legal duty to support. *Commonwealth ex rel. Prelec v. Prelec*, 179 Pa.Super. 422, 115 A.2d 847 (1955).

Finally, the lower court considered the testimony of Lila Cann in response to a question asked by counsel for defendant as to whether she had enough to live on: "Not really; 'cause I have to pay bills and stuff. It's hard to make ends meet." (rr. 22a)

On the other hand, there was no proof offered by appellant that Lila Cann was capable of engaging in profitable employment which would sustain her without the aid of outside sources and therefore justify vacating the support

order. See *Commonwealth v. Trimble*, 197 Pa.Super. 644, 180 A.2d 92 (1962).

After a review of the record of testimony in this action and the applicable law, we are convinced that Lila Cann was unable to earn a supporting wage because of her limited mental capacity. Therefore we hold that the lower court did not abuse its discretion by continuing the support order entered against the defendant father.

We affirm the support order of the lower court.