J-A27029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CHRISTINA CALLAHAN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JAMES CALLAHAN | |
| Appellee | No. 1394 EDA 2018 |

Appeal from the Order Entered April 17, 2018
In the Court of Common Pleas of Northampton County
Domestic Relations at No: DR-0005814 PACSES 758114428

BEFORE:  BOWES, STABILE, and McLAUGHLIN, JJ.

MEMORANDUM BY STABILE, J.:                **FILED FEBRUARY 21, 2019**

Appellant, Christina Callahan ("Mother"), appeals from the April 17, 2018 support order.  We affirm.

Mother commenced this action on January 14, 2014, seeking support from Appellee, James Callahan ("Father"), for the parties' child born in September of 2006.  On February 21, 2014, she filed an amended complaint in which she also sought spousal support.  The parties eventually reached an agreement as to spousal support and alimony, child support, child support arrears, health insurance and uncovered medical expenses.  The trial court adopted the parties' agreement by order of October 29, 2014.

On September 27, 2016, Father filed a petition for modification seeking a decrease in support due to a decrease in income.  The proceedings on that petition culminated in a February 14, 2018 argument before the trial court.

On April 17, 2018, based on the record and the parties' argument and briefs, the trial court entered the order on appeal. In this timely appeal, Mother raises a single issue:

> Did the trial court commit an error of law and/or abuse its discretion in calculating Father's disposable income based upon federally taxed income calculated in his 2016 federal income tax return rather than actual cash flow?

Mother's Brief at 6. Specifically, Father's tax 2016 returns—one personal and one corporate for Callahan Agency, Inc., an insurance agency Father owns—reflect that he pays $1,886.86 per month toward the repayment of a business loan. Mother argues that the trial court erred in deducting that amount from Father's monthly income for purposes of calculating his support obligation.

We conduct our review as follows:

> In reviewing orders granting, denying or modifying support, this Court is limited to considering whether, based on clear and convincing evidence, the trial court abused its discretion. An abuse of discretion requires proof of more than a mere error in judgment, but rather evidence that the law was misapplied or overridden, or that the judgment was manifestly unreasonable or based on bias, ill will, prejudice, or partiality.
>
> Since abuse of discretion allegations call for a review of the record, it is important to remember that this Court is not free to usurp the trial court's duty as the finder of fact. As this Court stated on prior occasions, [a]ppellate courts are becoming more reluctant to substitute themselves as super-support courts when they have not had the opportunity to see and hear the witnesses and so determine credibility.

***Simmons v. Simmons***, 723 A.2d 221, 222–23 (Pa. Super. 1998) (internal citations and quotation marks omitted).

- 2 -

Mother cites **Labar v. Labar**, 731 A.2d 1252, 1257 (Pa. 1999) for the proposition that cash flow, not federally taxed income, determines disposable income for purposes of calculating a support obligation. In **Labar**, the wife argued that one-half of a depreciation deduction the husband's company took in determining the amount of taxable income passed on to its shareholders. **Id.** at 1255. Our Supreme Court rejected the wife's argument, explaining that depreciation is not the equivalent of cash flow, and it does not result in income. **Id.**

Husband and the trial court cite **Cunningham v. Cunningham**, 548 A.2d 611, 612 (Pa. Super. 1988), in which this Court wrote that deductions permitted under federal income are not automatically deducted from gross income for purposes of a support obligation. Instead, the courts will look to actual disposable income instead of the "oft-time fictional picture" that arises from tax deductions. **Id.** at 612-13. Instantly, the trial court found that each of the deductions listed on Father's 2016 tax return reflected an actual reduction in his personal income. Thus, the support order is, in fact, based on Father's actual cash flow, in accordance with applicable law. The trial court explained its findings in detail in its opinion of June 26, 2008. The record supports that conclusion.

Having reviewed the parties' briefs, the applicable law, and the record, we affirm the order based on the trial court's June 26, 2008 opinion. We direct that a copy of that opinion be filed along with this memorandum.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/21/19

**IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY**
**COMMONWEALTH OF PENNSYLVANIA**
**DOMESTIC RELATIONS SECTION**

| | | |
|---|---|---|
| CHRISTINA CALLAHAN, | ) | No: DR-5814 |
| Plaintiff | ) | PASCES No.: 758114428 |
| v. | ) | 1394 EDA 2018 |
| | ) | |
| JAMES CALLAHAN, | ) | |
| Defendant | ) | |

## PENNSYLVANIA RULE OF APPELLATE PROCEDURE 1925(a) STATEMENT

**AND NOW**, this 26th day of June, 2018, the Court issues the following statement pursuant to Pa.R.A.P. No. 1925(a):

**Factual and Procedural History**

This matter is before the Superior Court on Plaintiff's appeal of our Order of Court dated April 10, 2018.

On January 14, 2014, Plaintiff filed a Complaint for the support of one child, Savannah Callahan, born on September 1, 2006. *See* Complaint in Support, *Callahan v. Callahan*, DR-5815 (C.P. Northampton Co. Jan 14, 2014). On February 13, 2014, the parties appeared for a conference on the child support Complaint. *See* Conference Notes, *Callahan*, *supra*. (C.P. Northampton Co. Feb. 13, 2014). Defendant reported being the owner of his own business, the "Callahan Agency". *Id*. Defendant provided his 2012 personal and corporate tax returns, however, the Conference Officer noted several irregularities with the returns. *Id*. Plaintiff reported being employed

ORIGINAL TO DOCKETING 6/26/18
  SUPERIOR COURT OF PA
  HONORABLE JENNIFER R. SLETVOVLD
  DONALD F. SPRY, II., ESQ.
  STANLEY J. MARGLE, ESQ.
  LISA YANY VEISZLEMLEIN(DRS DIRECTOR)

1

RECEIVED
JUN 2 6 2018
DOMESTIC RELATIONS
SECTION

part-time by St. Stephen's School, earning $379.53 bi-weekly, while also homeschooling the child for whom support was being sought. *Id.* Prior to homeschooling, Plaintiff had been employed full-time as a teacher in the East Penn School District from 2000-2005. *Id.*

The Conference Officer determined that Defendant's income should be sent to the Domestic Relations Section ("DRS") accountants to configure his monthly net income. *Id.* Addressing Plaintiff's income, the Conference Officer recommended assessing Plaintiff as an entry-level elementary school teacher, with an assessed income of $38,880.00. *Id.* This resulted in an assessed monthly gross income for Plaintiff of $3,240.00. *Id.* At the conclusion of the conference, the case was listed as "pending" based on Defendant's income being calculated by the DRS accountants and the parties being required to submit documentation of several expenses. *Id.*

On February 21, 2014, Plaintiff filed an Amended Complaint for support requesting child support for one (1) child as well as spousal support. Subsequently, the DRS accountants configured a net monthly income for Defendant of $3,074.37. *See,* Conference Officer Follow Up Notes, *Callahan, supra.* (C.P. Northampton Mar. 3, 2014). The Conference Officer determined that Plaintiff should not be given consideration for an extracurricular activities expense, as Defendant did not agree to them. *Id.* The Conference Officer also determined

2

that Defendant should not be given consideration for the claimed health insurance payments, as he failed to submit verification of the cost thereof. *Id.* The Conference Officer recommended that Defendant's support obligation for the one child be set at $552.00 per month plus 20% on arrears. *Id.* Spousal support was not addressed at the time of this conference, as Defendant had not received the Amended Complaint and did not consent to address spousal support at that time. *Id.*

On March 3, 2014, the Honorable Paula A. Roscioli entered an Order of Court directing Defendant to pay child support, for the support of one child, in the amount of $662.00 per month. *See* Order of Court, *Callahan, supra.* (C.P. Northampton Mar. 3, 2014). Defendant's support obligation was allocated $552.00 for current support and $110.00 for arrears. *Id.* The support obligation was based upon Plaintiff's assessed monthly net income of $2,582.56 and Defendant's net income, as determined by the DRS accountants, of $3,074.37. *Id.* Arrears were set, as of March 3, 2014, at $1,454.16. *Id.* On March 11, 2014, Plaintiff filed a demand for a *de novo* hearing of the March 3, 2014 Order. *See* Demand for De Novo Hearing, *Callahan, supra.* (C.P. Northampton Mar. 11, 2014).

On April 24, 2014, a conference was held on Plaintiff's claim for spousal support. *See* Conference Notes, *Callahan, supra.* (C.P.

Northampton Apr. 24, 2014). Defendant did not contest spousal support, however, based on the incomes previously established for the child support calculations, the Conference Officer determined that there was not a monetary basis for spousal support. *Id*. On April 24, 2014, Judge Roscioli entered an Order dismissing Plaintiff's Complaint for spousal support as the record indicated, in accordance with the Uniform Support Guidelines, that there was no monetary basis for spousal support. *Id*. The parties were directed to comply with the Order of Court dated March 3, 2014. *Id*.

On May 7, 2014, Plaintiff filed a demand for a *de novo* hearing of the April 24, 2014 Order. The parties were advised that the objections to the April 24, 2014 Order would be heard on August 25, 2014, when the *de novo* hearing on the prior order was scheduled to be heard. *See* Correspondence, *Callahan*, *supra*. (C.P. Northampton May 14, 2014).

On August 25, 2014, the parties appeared before the Honorable Michael J. Koury, Jr. for the hearings on the parties' respective demands for *de novo* hearing. At that time, the parties entered into an agreement pursuant to which, beginning October 1, 2014, Defendant would pay 3 years and 3 months of spousal support/alimony in the amount of $1,050.00, which would be non-modifiable. *See* Notes of Transcript ("N.T."), *de novo* hearing, 8/25/14

4

at 3:22-4:1. Defendant was required to pay for health insurance for Plaintiff through March 31, 2015. *Id.* at 4:2-3. Pursuant to the parties' agreement, child support arrears were reset to $2,500.00 as of August 25, 2014, and Defendant was to pay $1,200.00 per month in child support for one child and provide health insurance for the child through March 2015. *Id.* at 4:3-8. Arrears were to be paid off at the rate of $60.00 per month. *Id.* at 4:16-19. Uncovered medical expenses were to be paid 70% by Defendant, 30% by Plaintiff. *Id.* at 6:3. On August 25, 2014, Judge Koury entered an Order adopting the parties' agreement as an Order of Court. *See* Order, *Callahan*, *supra*. (C.P. Northampton Aug. 25, 2014).[1]

On October 29, 2014, Judge Koury entered an Order directing that the "Order of Court dated 8/25/14 is hereby amended for child and spousal support, the Domestic Relations Section having no jurisdiction to enforce other provisions of agreement." *See* Order of Court, *Callahan*, *supra*. (C.P. Northampton Nov. 4, 2014). The Order also indicated that all other stipulations in the prior Order of Court, dated March 3, 2014, remained in full force and effect. *Id.* On November 6, 2014, the October 6, 2014 docket entry was amended to read as follows:

---

[1] The docket entries in this matter reflect that the Order adopting the agreement of the parties was received by DRS on September 9, 2014, and docketed on October 6, 2014.

> And now, this 25th day of August, 2014, the Court hereby adopts the agreement of the parties as an Order of Court. Recv'd 9/9/14. Beginning 10/1/14 Husband will pay 3 years and 3 months of spousal support, which would convert to post divorce alimony upon the entry of a divorce decree in the amount of $1,050/month, non-modifiable. Child support arrears reset at $2,500 as of 10/1/14. Defendant to pay $1,200/month for child support defendant will continue to pay child and wife's healthcare through March 2015. Parties further agree as part of the divorce matter husband will retain his business and will retain the marital home in exchange for any other claims other than the spousal support and alimony. Arrears to be paid at $60/month. Defendant is liable for 70% of unreimbursed medical expenses.

See Order, *Callahan*, *supra*. (C.P. Northampton Nov. 6, 2014).

On September 27, 2016, Defendant filed a Petition for Modification seeking to decrease the support order due to having a current decrease in income, along with an allegedly pending further decrease in income in January 2017. *See* Petition for Modification, *Callahan*, *supra*. (C.P. Northampton Sept. 27, 2016). On November 9, 2016, the parties appeared for a conference on the Petition for Modification. *See* Summary of Trier of Fact, *Callahan*, *supra*. (C.P. Northampton Nov. 9, 2016). At the time of the conference, Defendant submitted his 2013 and 2014 personal and corporate federal income tax returns, but failed to submit his returns for 2015. *Id.* The

6

Conference Officer noted that since Defendant filed the Petition for Modification, but had failed to document his current income, Defendant's Petition would be denied without prejudice. *Id.* On November 9, 2016, Judge Roscioli entered an Order dismissing Defendant's Petition for Modification without prejudice as a result of Defendant's failure to adequately document his current income. *See* Order of Court, *Callahan*, *supra*. (C.P. Northampton Nov. 9, 2016). Defendant was permitted to apply for a modification upon the filing of his 2015 personal and corporate Federal tax returns. *Id.* The October 29, 2014 Order remained in full force and effect. *Id.*

On November 15, 2016, Defendant filed a demand for a *de novo* hearing of the November 9, 2016 Order. *See* Demand for De Novo Hearing, *Callahan*, *supra*. (C.P. Northampton Nov. 15, 2016). The parties appeared for a *de novo* hearing on December 7, 2016. On that date, Judge Roscioli entered an Order remanding the case to DRS for a conference. *See* Order, *Callahan*, *supra*. (C.P. Northampton Jan. 18, 2017). The Order noted that if Defendant failed to provide his 2015 tax returns, his petition would be dismissed with prejudice. *Id.*

On February 2, 2017, the parties appeared for the ordered conference. *See* Summary of Trier of Fact, *Callahan*, *supra*. (C.P. Northampton Feb. 2, 2017). The Conference Officer recommended, with the agreement of the parties, that Plaintiff continue to be

assessed as an entry-level teacher earning $38,800.00 per year, resulting in an assessed monthly net income for Plaintiff of $2,363.00. *Id.* Defendant submitted his 2015 personal and corporate income taxes, and the Conference Officer determined that Defendant had a monthly disposable income of $1,972.00. *Id.* The parties reported already being divorced, and the Conference Officer requested a copy of the parties' divorce decree as DRS had not been notified of the divorce being finalized. *Id.* Thereafter, the Conference Officer received a copy of the divorce decree, dated July 1, 2015, and the parties' Property Settlement Agreement. *See* Conference Follow Up Notes, *Callahan, supra.* (C.P. Northampton Feb. 21, 2017). The Conference Officer noted that the spousal support was to be converted to alimony and that alimony was set to terminate on January 1, 2018 as per the parties' prior agreement. *Id.* The Conference Officer determined that, considering the $1,050.00 alimony as income to Plaintiff and an expense for Defendant, Plaintiff's assessed monthly net income was $3,529.00 while Defendant had a monthly net income of $922.00. *Id.* Utilizing those incomes, the conference office determined that there was no basis for child support. *Id.*

On March 21, 2017, Judge Roscioli entered an Order of Court directing Defendant to pay alimony in the sum of $1,050.00 per month in accordance with the parties' Property Settlement Agreement. *See*

8

Order of Court, *Callahan, supra*. (C.P. Northampton Mar. 21, 2017). The Order for alimony was noted to be not modifiable by Domestic Relations, and was only modifiable by written agreement or Order of Court in the parties' Northampton County divorce matter. *Id.* Effective July 1, 2015, spousal support was converted to alimony based on the parties' agreement. *Id.* Alimony was set to terminate on January 1, 2018. *Id.* The Order stated that in accordance with the Uniform Support Guidelines, there was no monetary basis for child support, effective September 27, 2016, when Defendant filed his Petition for Modification. *Id.* An overpayment by Defendant in the amount of $6,157.79 was remitted without prejudice. *Id.*

On March 29, 2017, Plaintiff filed a demand for a *de novo* hearing, and the parties were ordered to appear at a modification hearing on April 26, 2017. The hearing was rescheduled several times, and on May 23, 2017, the parties appeared before Judge Roscioli for the *de novo* hearing on the March 21, 2017 Order. Following a hearing on that date, the matter was continued until July 24, 2017 for depositions of the parties to be completed. *See* Order of Court, *Callahan, supra*. (C.P. Northampton Jun. 5, 2017).

The parties appeared before the undersigned on July 24, 2017. On that date, we entered an Order: 1) directing Defendant to file his 2016 tax returns with DRS by August 31, 2017; 2) directing that

9

depositions of the parties be completed within 60 days; and 3) scheduling argument for the October 2017 *de novo* hearing list. *See* Order of Court, *Callahan, supra.* (C.P. Northampton Jul. 24, 2017). The argument, scheduled for October 16, 2017, was continued at Plaintiff's request and was rescheduled to December 18, 2017. On December 18, 2017, the parties appeared before the undersigned, and we entered an Order of Court continuing the case to February 14, 2018. *See* Order of Court, *Callahan, supra.* (C.P. Northampton Dec. 18, 2017). Defendant's counsel was granted 30 days to submit a brief, and Plaintiff's counsel was given 10 days thereafter to file a responsive brief. *Id.*

The parties timely filed their briefs and submitted the transcripts of their respective depositions, and counsel for the parties appeared before the undersigned on February 14, 2018 for argument. On April 10, 2018, we entered the Order of Court currently on appeal, which provides as follows:

> For the time period on [sic] September 27, 2016 through December 31, 2017, Order is entered at $349.00 per month for the support of one (1) child, namely, Savannah Callahan, born September 1, 2006.
>
> Order takes into consideration Alimony award of $1,050.00 per month payable to Christina Callahan.
>
> Effective January 1, 2018, Alimony is hereby terminated.

Defendant's liability for uncovered medical expenses is 34%.

Order is hereby modified to $592.00 per month allocated $538.00 for the support of one (1) child plus $54.00 to apply toward arrears effective January 1, 2018.

Order is entered based on all parties agreed earning capacity for Plaintiff of $38,330.00 annually as a teacher. This is an assessed monthly gross of $3,233.00 and an assessed monthly net of $2,663.00.

Order is entered based on Defendant's 2016 Federal Income Tax Return. Defendant has a disposable monthly net of $2,907.00.

In accordance with Order of Court dated March 21, 2017 overpayment to Plaintiff in the sum of $6,157.79 is reinstated.

Defendant's request for a deviation due to Plaintiff receiving monetary gifts from Plaintiff's parents is denied.

Income attachment modified.

In the event health insurance coverage for dependents on Order terminates, both parties are responsible to provide insurance if available at a reasonable cost.

Defendant's liability for uncovered medical expenses is 52%.

Excess amount has been included in the Order in the event arrears should accrue in the future. No arrears being owed at present, wages are attached for the basic amount of the Order only. Upon arrears accruing, the wage attachment will be modified without further notice to the parties.

Calculations appended.

Order of Court, *Callahan*, *supra*. (C.P. Northampton Apr. 10, 2018).

On May 8, 2018, Plaintiff filed her Notice of Appeal of the April 10, 2018 Order. *See* Notice of Appeal, *Callahan*, *supra*. (C.P. Northampton May 8, 2018). On May 9, 2018, we entered an Order of Court directing Plaintiff to file a "Statement of Errors Complained Of" pursuant to Pa.R.A.P. No. 1925(b) within 21 days and to comply with Pa.R.A.P. No. 1911 and Pa.R.J.A. 5000.1 through 5000.11 forthwith. *See* Order of Court, *Callahan*, *supra*. (C.P. Northampton May 9, 2018). On May 29, 2018, Plaintiff filed her "Concise Statement of Matters Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b)" (hereinafter "Concise Statement"). Plaintiff raises one (1) issue on appeal, averring that "[t]he Trial Court committed an error of law and/or abused its discretion in calculating Defendant's disposable income based upon Federally taxed income calculated in his 2016 Federal income tax return rather than actual cash flow." *See* Concise Statement, *Callahan*, *supra*. (C.P. Northampton May 29, 2018).

**Discussion**

It is respectfully submitted that Plaintiff's appeal is without merit and should be dismissed. Contrary to Plaintiff's assertion, it was not an error of law or an abuse of discretion to calculate Defendant's disposable income based upon Federally taxed income as calculated in

12

his 2016 Federal income tax return for purposes of determining his support obligation. It is respectfully suggested that Defendant's 2016 corporate and personal Federal taxes accurately reflect Defendant's income for the calculation of his child support obligation.

Scope and standard of review

It is well established that "[i]n reviewing an order entered in a support proceeding, an appellate court has a limited scope of review." *Kotzbauer v. Kotzbauer*, 937 A.2d 487, 489 (Pa. Super. 2007) (quoting *Commonwealth ex rel. Cann v. Cann*, 418 A.2d 403, 404–405 (Pa. Super. 1980)). "The trial court possesses wide discretion as to the proper amount of child support and a reviewing court will not interfere with the determination of the court below unless there has been a clear abuse of discretion." *Id.* In reviewing a child support order, "[t]he function of the appellate court is to determine whether there is sufficient evidence to sustain the order of the hearing judge." *Id.*

"On appeal, a trial court's child support order will not be disturbed unless there is insufficient evidence to sustain it or the court abused its discretion in fashioning the award." *Haley v. Haley*, 549 A.2d 1316, 1317 (Pa. Super. 1988) (quoting *Fee v. Fee*, 496 A.2d 793, 794 (Pa. Super. 1985)). A finding of abuse will be made only upon a showing of clear and convincing evidence. *Id.* (citing *Koller v. Koller*, 481 A.2d

13

1218 (Pa. Super. 1984)). A finding of abuse of discretion should not be made lightly. *Id.*, 549 A.2d at 1317 (citing *Hartley v. Hartley*, 528 A.2d 233 (Pa. Super. 1987)); *see also, Shindel v. Leedom*, 504 A.2d 353 (Pa. Super. 1986). "An abuse of discretion is not merely an error of judgment; rather, it occurs when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable or the result of partiality, bias, or ill will." *Kotzbauer, supra.* (citing *In the Interest of M.S.K.*, 936 A.2d 103 (Pa. Super. 2007)).

Plaintiff's appeal is without merit.

As set forth above, Plaintiff has raised a single issue as to our April 10, 2018 Order, specifically alleging that we committed an error of law and/or abused our discretion in calculating Defendant's disposable income based upon Federally taxed income calculated in his 2016 Federal income tax return rather than "actual cash flow." It is respectfully submitted that it was not an error of law or an abuse of discretion to use the amounts set forth in Defendant's 2016 personal and business tax returns to calculate his income for child support purposes as the tax returns accurately reflect Defendant's disposable income.

Plaintiff argues that Defendant's personal and business tax returns do not accurately reflect Defendant's cash flow for support purposes. *See* Plaintiff's Reply Brief, *Callahan, supra.* (C.P.

14

Northampton Jan. 29, 2018); Plaintiff's Brief at p. 4-5, *Callahan*, *supra*. (C.P. Northampton Dec. 18, 2017). Plaintiff asserts that "[w]hen determining a support obligor's disposable income Federally taxed income is not the measure, rather cash flow, *Labar v. Labar*, 731 A.2d 1252 (Pa. 1999)." Plaintiff's Brief at p. 4, *Callahan*, *supra*. (C.P. Northampton Dec. 18, 2017). Plaintiff further notes that "[d]eductions allowed under Federal tax law which do not represent actual reductions in personal income for a support obligor will not be allowed in the disposable income calculation." *Id*. (citing *Labar*, *supra*). Plaintiff also avers that "[i]t is actual available financial resources of the payor that must be considered not the often fictional financial picture that emerges after taking into account tax considerations." *Id*. (citing *Calabrese v. Calabrese*, 682 A.2d 393 (Pa. Super. 1996)). Plaintiff's arguments are not persuasive based upon the record in this matter.

As noted above, the transcripts of the parties' depositions were timely filed, along with their respective briefs.[2] Defendant was deposed on October 2, 2017. *See* Notes of Transcript ("N.T."), Depositions of James Callahan & Barbara O'Dowd, Oct. 2, 2017, *Callahan*, *supra*. (C.P. Northampton Dec. 18, 2017).[3] In the course of

---

[2] Plaintiff filed her initial brief, along with the transcripts of the parties' depositions on December 18, 2017. Defendant filed his Brief Upon De Novo Review on January 17, 2018. Plaintiff filed her reply brief on January 29, 2018.

[3] Plaintiff was also deposed on October 2, 2017, and the transcript of her deposition was filed as well. Plaintiff's testimony at her deposition did not address the issue

his deposition, Defendant testified that he is the owner/operator of Callahan Agency, Inc., located in Stockertown, Pa. and that he has owned and operated the agency since January 1, 2008. *See* N.T., Depositions of James Callahan & Barbara O'Dowd, Oct. 2, 2017 at 4:19-5:3. Defendant identified a 2016 Federal tax return for Callahan Agency, Inc. that was marked as Plaintiff's Exhibit 3 and a 2016 Federal tax return for James Callahan that was marked as Plaintiff's Exhibit 4. *Id.* at 5:13-18. Following the identification of various exhibits, counsel for Plaintiff temporarily concluded Defendant's deposition to depose his paralegal regarding the copying and segregation of various documents produced by Defendant. *Id.* at 6:6-8:19. Defendant's paralegal identified Plaintiff's Exhibits 14 and 15 as the documents produced by Defendant to Plaintiff's counsel, along with a series of checks written by Defendant that were also produced in discovery. *Id.*

Upon the resumption of Defendant's deposition, Defendant identified several "attachments" to Exhibit 14 that represented his total income for 2016. *Id.* at 10:8-11:11. Defendant then made it clear that all of the income identified in Exhibit 14 was included in his 2016 personal and corporate Federal tax returns. *Id.* at 11:12-16.

---

raised on appeal, and no reference to her testimony at the deposition is necessary to address the single alleged error in this matter.

Defendant identified disbursements to several sales producers at the agency and the agency's secretary/services team, totaling $23,027.00. *Id.* at 11:17-12:20. Defendant identified expenses for the agency, including the following: interest totaling $3,460.00 (*Id.* at 12:21-25), a copier lease in the amount of $1,272.00 (*Id.* at 13:23-14:9), rent in the amount of $9,600.00 (*Id.* at 14:10-19), maintenance costs totaling $424.00 (*Id.* at 14:20-15:15:9), insurance totaling $1,200.00 (*Id.* at 15:10-16), utility payments totaling $1,937.19 (*Id.* at 15:17-18:1), a car lease in the amount of $6,054.00 (*Id.* at 18:2-7), costs for a business phone and data totaling $662.00 (*Id.* at 18:8-20:11), an AT&T bill in the amount of $1,960.14 (*Id.* at 20:12-23:16), postage costs of $634.47 (*Id.* at 23:7-18), office supplies costing $591.00 (*Id.* at 23:19-23), and miscellaneous expenses totaling $678.12 (*Id.* at 23:24-29:4).

Regarding the interest reflected on Attachment H to Exhibit 14, Defendant testified that above and beyond the amounts set forth in Attachment H, there was also a loan payment to Nationwide Insurance not reflected on the documents. *Id.* at 12:24-13:1. Defendant testified that the loan payment totaled $943.83 twice per month. *Id.* at 13:2-8. Defendant indicated that he had been paying that amount since he purchased the business approximately nine (9) years ago. *Id.* at 13:9-12.

Upon review of Defendant's personal and corporate Federal tax returns for 2016, each of the above expenses is reflected in the appropriate entry on the tax return form. *Id.* at Plaintiff's Exhibit 3 and 4. As noted in Defendant's Brief Upon De Novo Review, the loan repayment to Nationwide insurance of $1,887.66 per month, is set forth in the tax return, along with the "costs of goods sold" totaling $123,310.00 which includes the commissions and premiums paid to Nationwide insurance and other costs of sale. *Id.*; Defendant's Brief Upon De Novo Review at p. 3-4, *Callahan, supra.* (C.P. Northampton Jan. 17, 2018). Defendant's corporate tax return reflects Defendant's gross receipts of sales totaling $210,174 and the costs of goods totaling $123,310.00, for a total income of $86,864.00. *See* N.T., Depositions of James Callahan & Barbara O'Dowd, Oct. 2, 2017 at Plaintiff's Exhibit 3. Deductions included in the corporate return include repairs and maintenance ($2,302.00), rents ($9,450.00), taxes and licenses ($1,312.00), interest ($3,460.00), advertising ($1,154.00) and "other deductions" totaling $69,014.00. *Id.* The "other deductions" are reflected on Statement 1, attached to the corporate return. *Id.* These "other deductions" include auto expenses, equipment rentals, insurance expenses, office supplies, postage, professional fees, professional publications, seminars, supplies, telephone expenses, travel and utilities. *See id.* at Plaintiff's Exhibit 3.

18

As was noted in Plaintiff's Brief, "[d]eductions allowed under Federal tax law which do not represent actual reductions in personal income of a support obligor will not be allowed in the disposable income calculation. *Labar* [*v. Labar*, 731 A.2d 1252 (Pa. 1999)."* Plaintiff's Brief at p. 4, *Callahan, supra*. (C.P. Northampton Dec. 18, 2017) (emphasis added). In *Cunningham v. Cunningham*, 548 A.2d 611 (Pa. Super. 1988), the Superior Court stated as follows:

> It is well established that depreciation and depletion expenses, permitted under federal income tax law without proof of actual loss, will not automatically be deducted from gross income for purposes of determining awards of alimony and equitable distribution. In determining the financial responsibilities of the parties to a dissolving marriage, the court looks to the actual disposable income of the parties . . . Depreciation and depletion expenses should be deducted from gross income only where they reflect an actual reduction in the personal income of the party claiming the deductions, such as where, e.g., he or she actually expends funds to replace worn equipment or purchase new reserves.

*Cunningham v. Cunningham*, 548 A.2d 611, 612-13 (Pa. Super. 1988) (emphasis added).

Contrary to Plaintiff's assertions, each of the deductions claimed by Defendant in his corporate and personal tax returns for 2016 did, in fact, reflect an actual reduction in Defendant's personal income. Therefore, each of the deductions discussed herein were appropriately considered in determining Defendant's disposable income for child

19

support calculation purposes, and it was not an error of law or abuse of discretion to utilize the tax returns. *See Cunningham, supra*.

After review of Defendant's 2016 corporate and personal Federal tax returns, it was determined that Defendant has a disposable monthly net income of $2,907.00. That amount was then properly utilized in calculating Defendant's support obligation in accordance with the guidelines and formula set forth in Pa.R.C.P. No. 1910.16-1 through 1910.16-4. In accordance with that calculation, Defendant was ordered to pay $592.00 per month, allocated $538.00 for the support of one child plus $54.00 towards arrears. *See* Order of Court, *Callahan, supra*. (C.P. Northampton Apr. 10, 2018).

## Conclusion

Upon a full review of the record in the instant matter, it is clear that Plaintiff's appeal is without merit. Defendant's 2016 Federal tax returns included deductions that reflected actual reductions in Defendant's income. It was not an error of law or an abuse of discretion to calculate Defendant's disposable income based upon the figures contained in his 2016 Federal tax returns, as those tax returns accurately reflected Defendant's actual cash flow. Based upon the above, it is respectfully suggested that Plaintiff's appeal is without merit and should be denied.

BY THE COURT

JENNIFER R. SLETVOLD, J.

21