J-A28027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARLENE JONES | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VONSHELT R. NORTHERN | : | No. 1046 EDA 2022 |

Appeal from the Order Dated March 17, 2022
In the Court of Common Pleas of Chester County Domestic Relations at
No(s):  00591N2001,
PACSES NO. 015102785

BEFORE:  PANELLA, P.J., LAZARUS, J., and McCaffery, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MARCH 13, 2023**

Marlene Jones (Mother) appeals from the order, entered in the Court of Common Pleas of Chester County, granting Vonshelt R. Northern's (Father) petition to terminate child support for the parties' adult autistic child (D.N.). After our review, we conclude that the trial court erred in determining the hearing officer did not abuse his discretion in (1) denying Mother's request for continuance, and (2) denying Mother's request to reopen the record.  We, therefore, reverse the order terminating child support, and remand with instructions.

D.N. was born in June 2000.  In early childhood, D.N. was diagnosed with autism spectrum disorder and learning disabilities.  On June 18, 2001, the court entered an order requiring Father to pay child support to Mother,

who was D.N.'s primary custodian and caretaker. This order remained in effect for 17 years.

On June 11, 2018, after D.N. turned eighteen, a hearing was held before Hearing Officer Richard Lombardi. Both parties testified. Following the hearing, Hearing Officer Lombardi determined D.N. was incapable of supporting himself and, thus, was not emancipated. Hearing Office Lombardi found Mother's testimony "to be entirely credible," concluding:

> It's clear to me from the evidence that was presented, the evidence was uncontradicted, . . . that, unfortunately, your son suffers from a number of significant mental and physical issues, not the least of which is autism and epilepsy. . . . Taken as a whole, I don't believe for a moment that your son is capable of supporting himself. I don't believe that there is an employer out there who would hire hm full time at a supporting wage given the multitude of his issues. Consequently, I find that your son is not emancipated for purposes of support.

N.T. Hearing, 6/11/18, at 28.

Father did not appeal that determination and, instead, filed a *pro se* petition to terminate support on October 18, 2018. Father subsequently retained legal counsel, who filed a counseled petition to terminate support on March 4, 2019. A conference was scheduled, but later continued several times. Thereafter, a hearing was scheduled for January 9, 2020, which was continued at Father's request, delayed further due to the COVID-19 pandemic shutdowns, and ultimately rescheduled for July 30, 2021.

At the July 30, 2021 hearing, neither Mother nor D.N. appeared. Mother's counsel appeared. Prior to the start of the hearing, Mother's counsel

relayed to Hearing Office Lombardi that, despite several attempts, she had been unable to contact Mother for the two weeks prior to the hearing. Mother's counsel expressed her concern that Mother was ill or hospitalized because it was unusual for Mother not to respond and Mother had not missed any previous court hearings. N.T. Hearing, 7/30/21, at 3-5, 40. Mother's counsel sought a continuance, which Hearing Officer Lombardi denied. The hearing proceeded solely on Father's testimony.

Thereafter, on September 16, 2021, Mother filed a petition to reopen the record. At a hearing on September 21, 2021, Mother testified to her medical problems, including high blood pressure, chronic pain, asthma, panic attacks, and anxiety, and that, in addition to her primary care physician, she is under the care of a cardiologist, an orthopedist, a pulmonologist, and a psychiatrist. N.T. Hearing, 9/21/21, at 6-10. With respect to the hearing at which she did not appear, Mother testified that she missed that hearing due to her medical conditions. She stated:

> I was told by my doctor, immediately I had to go over to orthopedics because I was having a lot of pain. They thought I was having a stroke, and I had to go right over the same day of court to the orthopedic doctor. . . . I was aware of [the hearing date], but like I mentioned, I had that doctor's appointment as an emergency that day as well[.] . . . I knew [the hearing date] was coming, but I didn't know it was that same day that I had to go to the doctor. It truly slipped my mind because I was under a lot of duress. I will be honest about that. I truly forgot about it[.]

*Id.* at 4, 12.

The court denied Mother's petition to reopen the record. Thereafter, on November 22, 2021, Hearing Officer Lombardi filed a report and recommendation terminating Father's support obligation. Mother filed exceptions on December 13, 2021, which were denied by the Honorable Ann Marie Wheatcraft. *See* Opinion and Order, 3/17/22. Mother filed a timely notice of appeal, and she raises the following issues for our review:

1. Did the trial court abuse its discretion in terminating child support for the parties' autistic, epileptic, disabled son, who the court previously found to be an unemancipated adult entitled to support?

2. Did the trial court abuse its discretion in denying Mother's counsel's request for [a] continuance on July 30, 2021?

3. Did the trial court abuse its discretion by denying Mother's petition to reopen the record?

Appellant's Brief, at 4.

This Court has explained:

In Pennsylvania, the duty to support a child generally ceases when the child reaches the age of majority, which is defined as either eighteen years of age or when the child graduates from high school, whichever comes later. 23 Pa.C.S.A. § 4321(3), however, provides that "parents may be liable for the support of their children who are 18 years of age or older." In applying section 4321(3), this Court has found that there is a presumption that the duty to support a child ends when the child reaches majority:

Ordinarily a parent is not required to support his adult child[,] but there is a well-recognized exception supported by abundant authority that where such child is too feeble physically or mentally to support [himself or herself,] the duty on the parent continues after the child has attained [his or her] majority.

**When the disability resulting in the child's inability to be self-sufficient already exists at the time the child reaches**

- 4 -

**the age of majority, however, the presumption is rebuttable by the adult child upon proof that there are conditions that make it impossible for her or him to be employed**. . . . **To rebut the presumption that a parent has no obligation to support an adult child, the test is whether the child is physically and mentally able to engage in profitable employment and whether employment is available to that child at a supporting wage. The adult child has the burden of proof on these issues. Our scope of review is limited to a determination of whether the trial court committed an abuse of discretion or an error of law when making a determination in this regard.**

*Style v. Shaub*, 955 A.2d 403, 408-09 (Pa. Super. 2008) (some citations omitted) (emphasis added) .

At the hearing, Father testified that he is an independent truck driver and that he offered D.N. employment helping with deliveries. N.T. Hearing, 7/30/21, at 8-9. Father also testified that D.N. graduated from Upper Merion High School, *id.* at 7, and that D.N. worked as a dishwasher at a restaurant while in high school. *Id.* at 9. Father stated that he had not lived with D.N. since D.N. was seven years old, *id.* at 10, and Father acknowledged that "technically I really don't know as far as health-wise what's really wrong with [D.N.]." *Id.* at 11. We emphasize that the bulk of Father's testimony was in response to questioning regarding Father's past employment, his independent trucking business, his income and expenses, and his work schedule. *See id.* at 15-35.

Moreover, this Court has clarified that whether someone is "employable" does not resolve the issue of whether that individual is entitled to continuing support from parents. In *Com. ex rel. Cann v. Cann*, 418 A.2d 403, 405–

406 (Pa. Super. 1980), the adult child, who had a learning disability, was unable to earn a supporting wage because of her mental capacity, even though she worked forty hours per week at a cleaning job and babysitting. *Id.* at 404–06. This was sufficient to require her father to continue paying support when it was determined that her living expenses exceeded her income. *Id.* at 405–06. Thus, an adult child who is mentally or physically disabled is entitled to support **even if he or she is employable, but is incapable of self-support**. *See id.* at 405 (party seeking to vacate support order "must demonstrate not just that the child is capable of earning some income, but that the child is able to earn a sufficient living to be entirely self-supporting[.]"); *see also Kotzbauer v. Kotzbauer*, 937 A.2d at 487, 490–94 (Pa. Super. 2007) (despite working sixteen to twenty hours a week, adult child was unable to support herself due to her disability, and her father was responsible for providing continuing support); *Hanson v. Hanson*, 625 A.2d 1212 (Pa. Super. 1993) (where adult child working part-time jobs was unable to support herself due to disability, father was responsible for providing continuing support).

Here, despite Hearing Officer Lombardi finding that D.N. was completely disabled in 2018, in 2021, the same hearing officer, after hearing only Father's testimony, found D.N. fully capable of working full time and supporting himself. Father has been supporting this child for over 17 years and there was no evidence indicating that D.N.'s situation has substantially changed. Because Mother's request for continuance and to reopen the record were

denied, there was no opportunity for either Mother or D.N. to rebut the presumption that support should be terminated simply because D.N. reached the age of majority. At the conclusion of the hearing, the hearing officer stated that "[t]he case has been in the system a long time. I understand that, and **that's part of the reason why I denied the request for a continuance**." *Id.* at 38 (emphasis added).

Both parties sought continuances in this matter. Mother sought a continuance on January 31, 2019, while Father filed motions to continue on May 15, 2019, October 24, 2019, January 8, 2020, and January 30, 2020. Thereafter, the hearing was delayed due to COVID-19 pandemic shutdowns.[1] Although it was Mother's responsibility to appear at the July 30, 2021 hearing or, at the very least, communicate with counsel, the court's refusal to either continue or reopen the matter in these circumstances may prematurely punish D.N., and is, in our opinion, unacceptable.[2]

We find that the order denying the continuance and refusing to reopen the record was an abuse of discretion. *See Colonna v. Colonna*, 791 A.2d 353, 356-57 (Pa. Super. 2001) ("The general rule is that a court may, in its

---

[1] On February 10, 2021, the parties' counsel jointly sought a continuance of a discovery conference scheduled for March 19, 2021, averring discovery and updated medical information was pending and the "current pandemic of COVID-19 remans an issue for the litigants and their counsel due to compromised health issues." Motion for Continuance, 2/10/21.

[2] It appears from the record that Mother may not be in the best physical condition to advocate for D.N. If it sees fit, the court may wish to explore appointment of a guardian *ad litem* for D.N.

discretion, reopen the case after a party has closed for the taking of additional testimony, but such matters are peculiarly within the sound discretion of the trial court."); ***Baysmore v. Brownstein***, 771 A.2d 54, 57 (Pa. Super. 2001) (standard of review of order denying motion for continuance is abuse of discretion). Accordingly, we reverse and remand for an assessment and hearing. We direct the court address what changes, if any, occurred in the years between the June 2018 hearing and the July 2021 hearing, which resulted in termination of support, and that the court make specific findings as to whether, even if employable, D.N. is capable of self-support. ***Cann***, ***supra***.

Reversed and remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/2023